**John Joseph KAVANAGH, Appellant,**

v.

**Oscar F. HOLCOMBE et al., Appellees.**

No. 13263.

Court of Civil Appeals of Texas.

Houston.

April 3, 1958.

Rehearing Denied April 24, 1958.

Bernard A. Golding, Houston, for appellant.

R. H. Burks, Acting City Atty., Charles A. Easterling, Senior Asst. City Atty., Houston, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment of the District Court which denied appellant relief from an order of demotion from the position of Detective to that of Patrolman, Third Grade, in the Police Department of the City of Houston. Such order was entered by the Firemen's & Policemen's Civil Service Commission after a hearing of appellant's appeal to that body from a demotion effected by the Chief of Police. Within the time provided by law, appellant filed filed his appeal in the District Court. The basic contention, set out in appellant's petition filed in court, was that the order of the Commission was not reasonably supported by substantial evidence and the action of the Commission was arbitrary, capricious and illegal. Trial, on appeal to the District Court, was before the court without a jury. The court entered this order:

"Be It Remembered, that on the 10th day of June, 1957, at a regular term of this Court in the above entitled and numbered cause, wherein John Joseph Kavanagh is Plaintiff, and the City of Houston, Oscar F. Holcombe in his capacity as Mayor of the City of Houston, Texas, and individually; Firemen's and Policemen's Civil Service Commission of Houston, Texas, Dave Laufman and J. J. Moore in their official capacities as members of such Commission, as well as individually; Carl L. Shuptrine of the City of Houston, in his official and individual capacity as Chief of Police; and Mrs. M. H. Westerman, as its City Secretary, are Defendants, came all of the parties by their attorneys, and announced ready for trial, and submitted the matters in controversy, as well of fact as of law, to the Court, without the intervention of a jury, and the cause proceeding from day to day until the 19th day of June, 1957, on which date the pleadings, the evidence and the argument of counsel, having been heard and fully understood, and no Statement of Facts of the evidence presented to the Civil Service Commission of the City of Houston, Texas, having been presented to this Court, and the Court being of the opinion that the Plaintiff's appeal from the Order of Demotion by the Firemen's and Civil Service Commission is without merit with no such Statement of Fact being before him for review;

"It is, therefore, Ordered, Adjudged and Decreed that the Plaintiff, John J. Kavanagh, take nothing by his suit, and Defendants go hence without day, and that all costs hereof be adjudged against the Plaintiff, John J. Kavanagh, for which let execution issue. To which the Plaintiff then and there gave notice in open court of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, sitting at Galveston, Texas.

"Signed and Entered this 27th day of August, 1957."

There is no Statement of Facts, though the court's judgment recites that evidence was heard.

The appellee asks that the appeal to this Court be dismissed because no Statement of Facts is brought forward. In the alternative, it urges that the court's order having recited that evidence was heard by the court, there being no Statement of Facts, it must be presumed that facts existed which support the court's judgment.

The motion to dismiss is overruled.

■ There is no contention that this appeal was not properly perfected by the timely giving of notice of appeal and the filing of an appeal bond, and the timely filing of the transcript in this Court. This gives this Court jurisdiction over the appeal though no Statement of Facts is filed. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208, ref. n.r.e.; Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683. However, though we have jurisdiction of the appeal, this does not mean we can in considering such ap-

peal appraise any claimed error that requires notice of a statement of fact. Actually the absence of a statement of facts limits the scope of our review so that we cannot consider any error asserted that requires an examination of the statement of facts. Dyche v. Simmons, supra; Houston Fire & Casualty Ins. Co. v. Walker, supra; Lane v. Fair Stores, Inc., supra.

Where there is no statement of facts it will be presumed that the evidence supports the judgment of the trial court, unless there is something in the judgment that affirmatively shows the trial court did not dispose of the case on the basis of the evidence before it. Normally the appellate court will have before it a judgment that either recites it heard evidence, or the judgment will be silent as to evidence having been heard, and then the judgment will make a certain disposition of the case. In such a situation it will be presumed the trial court correctly performed its duty and disposed of the case by finding the facts in a manner supported by the evidence and by correctly applying the law to the facts as found by it. Lane v. Fair Stores, Inc., supra. However, we are of the view that this rule does not obtain if the judgment affirmatively shows that the trial court did not dispose of the case on a basis of the evidence before it. In such a case the judgment shows the trial court's reason for acting as it did in the case and shows it was not because of the facts introduced. We can examine the judgment itself and determine whether the court acted in accord with law.

In the case before us there was an appeal from an administrative order. In such an appeal the presumption obtains that the order is reasonably supported by substantial evidence, and the burden is on the party appealing to overcome that presumption. Kavanagh had that burden in the trial court. There is no difference between the parties as to where the burden of proof rested. The difference between them arises concerning the procedure to be employed in discharging the burden. Appellee says that appellant must show that the *evidence heard by the administrative body* was such as not to reasonably support the order, and this cannot be done unless the trial court has before it the testimony introduced before the administrative body. (Emphasis ours.) The appellate contends that there is no requirement that he show what testimony was before that body, and if there is such a requirement he is denied due process of law. Too, appellant contends he is by the statute, Article 1269m, Sec. 18 Vernon's Ann.Tex.St., entitled to a trial de novo in the District Court and that trial de novo means the court may hear evidence and, based on that evidence, draw his own conclusions as to the facts.

We have concluded that the position taken by the appellee is incorrect. We have also concluded that appellant is correct only to the extent that he contends he is entitled to a trial de novo and need not produce the evidence introduced before the administrative body

However, trial de novo, as used in Sec. 18, Article 1269m, V.A.T.S., does not mean what appellant contends, as will be shown below in a discussion of the authorities.

We do not have before us the question as to whether the trial court's judgment was correct in that it held the evidence adduced before it constituted substantial evidence reasonably supporting the Civil Service Commission's order of demotion. If the trial court's judgment had merely recited that the court heard evidence and relief was denied, there being no statement of facts, we would be required to presume that the evidence before the court was substantial evidence reasonably supporting the order of the Commission. However, we do not so construe the judgment. It recites that the court heard evidence, but it further recites, "and no Statement of Facts of the evidence presented to the Civil Service Commission of the City of Houston, Texas, having been presented to this Court, and the Court being of the

opinion that Plaintiff's appeal from the Order of Demotion by the Firemen's and Civil Service Commission is without merit with no such Statement of Fact being before him for review; * * *" We think it evident from the judgment itself that the trial court failed and refused to appraise the evidence before it because he was of the view that the issue on appeal was what the evidence heard by the Commission amounted to and what evidence it had heard was not before him. He did not, therefore, decide the case on the basis of the facts before him, and there is no need to resort to a statement of facts to determine whether the trial court erred in the trial. The judgment affirmatively shows he disposed of the case on an erroneous legal theory.

■■ The trial court erroneously held that the issue on appeal from an administrative order is whether there was before the Commission substantial evidence that reasonably supports its order. The correct rule is that the issue on appeal to the District Court from an order of the Firemen's and Policemen's Civil Service Commission is whether the evidence introduced before the trial court shows facts in existence as of the time the order was entered, of such a substantial nature as to reasonably support the order. The appellant is entitled to a trial de novo, but the term as used in the statute merely means that he is entitled to introduce evidence so the court can determine on a basis of the whole record, as made in the trial court, whether there was in existence at the time of the order of the Commission evidence of a substantial nature reasonably supporting the order. The court may not substitute his findings for those of the Commission if there is such evidence.

In the case of Letwin v. Gulf Oil Corporation, Tex.Civ.App., 164 S.W.2d 234, 235, the Court of Civil Appeals had before it a case which had been appealed to the District Court from the Railroad Commission of Texas. The order of the Railroad Commission had granted Letwin a permit to drill an oil well, as an exception to Rule 37, in order to prevent confiscation of property and waste. Gulf Oil Corporation brought the suit to obtain a cancellation of the permit. In its petition, Gulf alleged that no substantial evidence supported the order. Letwin filed, among other pleas, a general demurrer. The trial court overruled the demurrer. Too, Letwin objected to the testimony in court of an expert witness which injected new testimony which was not before the Commission. The trial court, after hearing testimony, cancelled the permit and enjoined production from the well. The Court of Civil Appeals affirmed. The Supreme Court refused a writ of error. In disposing of Letwin's complaints on appeal, the Court of Civil Appeals said:

"The trial on appeal is for the purpose of determining whether at the time such order was entered by the Commission there then existed sufficient facts to justify such action; and whether the Commission heard sufficient evidence to support its order is immaterial. The failure of the petition to allege that there was no substantial evidence before the Commission at the time the permit was granted would likewise be immaterial. * *

"Point 2 is that the trial court erred in overruling the objection of appellants to the admission of the testimony of R. D. Parker as an expert witness for plaintiff, because plaintiff did not present any evidence on the hearing before the Railroad Commission, except a density statement; and that plaintiff should not be permitted to appear for the first time in the trial court and seek to overthrow the Commission's order with evidence which it did not adduce before the Commission.

"The Supreme Court held in the cases cited herein that the trial of the validity of an order granting a permit to drill an oil well as an exception to Rule 37 is de novo and is not for the

purpose of determining whether at the time the order was entered there was substantial evidence before the Commission to justify the order; but that the question was whether at the time the order was entered there then existed sufficient evidence to justify the entry of the order; and that whether the Commission actually heard evidence to sustain the order is immaterial as regards the court trial."

In the case of Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340, the Supreme Court, in discussing the nature of the trial in the District Court on appeal from an order of the Railroad Commission granting a permit to drill an oil well as an exception to Rule 37, said:

"Repeatedly * * * the court, in making a brief statement of the scope of judicial review of the facts * * * to test the validity of the order of the Railroad Commission, has said that the finding of the Commission will be sustained by the court if it is reasonably supported by substantial evidence, *meaning evidence introduced in court.* (Emphasis ours.) * * *

"In making its decision of this question the court examines and takes into consideration all of the evidence, the entire record. Trapp v. Shell Oil Co., 145 Tex. 323, 341, 349, 198 S.W.2d 424. It does not look merely to the evidence offered by one of the parties, or to the testimony of one or two witnesses, and sustain the Commission's order if that evidence or testimony can be regarded as substantially supporting the order. In that procedure there would be no real review of the factual basis for the Commission's order, and no trial in court. It clearly appears from the language of Section 8 of Article 6049c that there must be a trial in court of the suit brought to test the validity of the Commission's order. This, according to the decisions above cited, does not mean a trial as of the ordinary civil suit in which the court makes its own findings based upon a preponderance of the evidence before it. Nevertheless, it means that there shall be a trial and in that trial, in so far as the facts are concerned, the court determines from all of the *evidence before it, the entire record,* whether the Commission's action is or is not reasonably supported by substantial evidence. * * *" (Emphasis ours.)

In the case of Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, the Supreme Court had before it the question of the scope of judicial review where a County Judge under the Liquor Control Act, Vernon's Ann.P.C. art. 666–1 et seq., had denied a license to sell beer to an applicant. The court construed the term "de novo" used in the part of the statute which dealt with an appeal to the District Court. The court held that the term meant a trial to determine whether or not there was, *as shown by the evidence introduced at the trial in the District Court,* in existence at the time the order was entered substantial evidence that reasonably supports the order.

See also the following cases: Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424; Wrather v. Humble Oil & Refining Co., 147 Tex. 144, 214 S.W.2d 112; Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965; Magnolia Petroleum Co. v. New Process Production Co., 129 Tex. 617, 104 S.W.2d 1106; Railroad Commission of Texas v. Magnolia Petroleum Co., 130 Tex. 484, 109 S.W.2d 967; Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664; Miller v. Tarry, Tex.Civ.App., 191 S.W.2d 501, ref., n.r.e. See also 29 Texas Law Review 213, 225, 226.

The Supreme Court of Texas, in so far as the scope of judicial review is concerned, has made no distinction between

appeals in the Railroad Commission cases, the Liquor Control Act cases, or Civil Service Commission cases.

The case of Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94, ref., n.r.e., does not hold, as contended by appellee, that the trial in the District Court shall be a review of the evidence heard before the Civil Service Commission. In the Simpson case the city attorney filed a motion for summary judgment and attached a transcript of all of the testimony that was introduced before the Commission, and it thereby became a part of his motion as provided in Rule 166–A, Texas Rules of Civil Procedure. He then made an affidavit that this was all of the evidence that could be produced. Simpson filed nothing countering the affidavit. The trial court sustained the City's motion for summary judgment and such action was affirmed by this Court. However, in that case there was no determination that on appeal to the courts the issue is whether the evidence heard by the Commission was substantial. When the transcript of such evidence became a part of the motion for summary judgment, it was evidence introduced before the trial court. It was all of the evidence before the trial court, and all that could be presented. The trial court examined it as the evidence *before it* and determined it constituted substantial evidence reasonably supporting the Commission's order.

In Hynes v. City of Houston, Tex.Civ. App., 263 S.W.2d 839, ref., n.r.e., this Court, erroneously, held that Hynes, who had been discharged as a city policeman and who had introduced no evidence before the Commission, could not introduce additional evidence in the trial court. In the course of the opinion the Court stated the only question that could come before the trial court was whether the order was reasonably supported by substantial evidence that was heard. If the court meant the evidence heard by the Commission as distinguished from that heard by the trial court, this is not a correct statement of the law. Being dissatisfied with the reasoning of the Court, we have examined the record in the case. We find that actually the trial court allowed the written statement made by Hynes to be introduced in the trial court and later the transcript of the evidence taken before the Commission was introduced. While such transcript is not in our file, the record shows it was introduced. Too, it should be noted that Hynes testified that his statement which was introduced represented all of the facts. However, reading Hynes' statement we think it amounted to an admission of the charges against him and, on this basis alone, the court would have been required to say there was before the trial court substantial evidence reasonably supporting the Commission's order. Undoubtedly, this is the reason the Supreme Court refused the application for the writ only because there was no reversible error. This Court had reached the correct result in disposing of the appeal, but that Court could not approve the reasons stated in the opinion.

We have read and studied each case cited by appellee. None of them supports the position taken by appellee here, with the exception of Hynes v. City of Houston, supra. In fact, they support appellant. In each cited case evidence was introduced in the trial court, with the exception of Fire Department of City of Fort Worth v. City of Fort Worth, supra. The court in such cases merely stated that in such an appeal the burden was on the appealing party to establish there was not substantial evidence reasonably supporting the administrative agency's order. The statement must be interpreted in the light of the record and in each case the court was talking about the record as made in the trial court.

In the case of Fire Department of the City of Fort Worth v. City of Fort Worth, supra, no appeal from an administrative order was involved. There the proceeding was to determine the constitutional validity of Article 1269m, Sec. 18, giving

the right of trial de novo in an appeal from an administrative order. The court held this section to be valid since trial de novo merely meant a trial to determine whether there was substantial evidence reasonably supporting the administrative agency's order, and it did not mean a trial where the court could determine for itself what a preponderance of the evidence established the facts to be.

The judgment of the trial court is reversed and the cause is remanded for trial.