**Alton W. WARNER, Appellant,**

v.

**CITY OF LUFKIN et al., Appellees.**

**No. 8240.**

Court of Civil Appeals of Texas, Beaumont.

March 1, 1979.

Rehearing Denied March 22, 1979.

J. T. Maroney, Jr., Lufkin, for appellant.

Robert L. Flournoy, Lufkin, for appellees.

KEITH, Justice.

This is an appeal brought under the Firemen's and Policemen's Civil Service Act, *Tex.Rev.Civ.Stat.Ann. art. 1269m (1963), as* *amended (Supp.1978–79),* to set aside the decision of the Fire Chief and Civil Service Commission of the City of Lufkin (hereinafter "Commission") which indefinitely suspended Alton W. Warner as a fireman in the Lufkin Fire Department. The district court below in a trial de novo held that the decision of the Commission was supported by substantial evidence.

Plaintiff Warner appeals on two points of error. In his first point he complains that the trial court erred in rendering judgment that the decision of the Commission was supported by substantial evidence.

*Tex.Rev.Civ.Stat.Ann. art. 1269m, § 18* *(Supp.1978–79),* provides that any fireman who is dissatisfied with a decision of the Civil Service Commission can appeal its decision to a district court where he is entitled to a trial de novo. Our Supreme Court in *Fire Department of City of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664, 666 (1949), defined the term "trial de novo" as meaning "a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence." Accord, *Firemen's and Policemen's Civil Service Commission of City of Port Arthur v. Hamman,* 404 S.W.2d 308, 311 (Tex.1966), and cases therein cited.

To determine whether the order of the Commission is supported by substantial evidence, the following standard of review is used by the reviewing court:

"[T]he court will not undertake to put itself in the position of the agency, and determine the wisdom or advisability of the particular ruling or order in question, but will sustain the action of the agency so long as its conclusions are reasonably supported by substantial evidence. . . . [T]he issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. . . . If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

*Railroad Commission v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022, 1029–30 (1942).

■ When an appeal is governed by the substantial evidence rule, the order of an administrative body is presumed to be valid, and the party seeking to set it aside has the burden of proving that the order is not reasonably supported by substantial evidence. *Richardson v. City of Pasadena,* 513 S.W.2d 1, 3 (Tex.1974); *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752, 758 (Tex.1966). The existence of substantial evidence to support such an order must be determined from the entire record as made in the trial court. *City of Carrollton v. Keeling,* 560 S.W.2d 488, 490 (Tex. Civ.App.—Dallas 1977, writ ref'd n. r. e.). Any conflict in the evidence must be resolved in favor of the agency's decision. *Richardson v. City of Pasadena,* supra at 3.

■ The Commission found that plaintiff had been insubordinate to higher officers, been discourteous to fellow officers and employees; conducted himself in a manner unbecoming a fireman, neglected his duty, refused to obey orders, refused to follow departmental policy, and been absent without leave in violation of the Civil Service Rules of the City of Lufkin. We conclude from a study of the record before us that there was substantial evidence to support this finding.

The record shows that plaintiff was to appear for duty, *i. e.,* an emergency medical training course, on January 13, 1977, at 1:00 p. m. and that he did not appear until 2:30 p. m. in violation of his captain's orders. And, when he was questioned about his tardiness by his chief, he replied: "It's either a misunderstanding or Captain Puryear is a bald-faced liar."

The record shows that on February 18, 1977, when Captain Puryear questioned plaintiff about an injury report that he had turned in, plaintiff answered that he did not want to talk about it, that it was his back, and nobody's business. Then, plaintiff took the report out of the captain's hands, tore it into several pieces, and threw the pieces on the floor, somehow causing other papers to fall on the floor also. When the captain told him to "Clean up your mess," plaintiff picked up the torn pieces of paper but left the other papers on the floor. He then told the captain, "[T]hat's your mess. You pick it up," leaving the remainder of the papers for the captain to pick up himself. Point one is overruled.

■ In his second point, plaintiff contends that the trial court erred in holding that the decision of the Commission was supported by substantial evidence because no transcript of the proceedings before the Commission was presented to the trial court for consideration in violation of *Tex.Rev. Civ.Stat.Ann. art. 1269m, § 17 (Supp.1978– 79).*

Plaintiff contends that because *Section 17* was amended to provide that "[t]he Commission shall maintain a permanent public record of all proceedings with copies available at cost," a transcript of the proceedings should have been presented to the trial court for its consideration. We disagree.

This amended version of *Section 17* did not become effective until August of 1977. Therefore, it is not applicable to the case before us because the Commission hearing was held on March 8, 1977.

Even if this provision were applicable to our case, we do not believe that it requires that the commission record be used at a trial de novo. This provision merely requires that a record be kept as a permanent public record. It does not alter the law as set out in *Railroad Commission v. Shell Oil Company,* supra:

"In Texas, in all trials contesting the validity of an order, rule, or regulation of an administrative agency, the trial is not for the purpose of determining whether the agency actually heard sufficient evidence to support its orders, but whether at the time such order was entered by the agency there then existed sufficient facts to justify the same. Whether the agency heard sufficient evidence is not material. In fact, the evidence heard by the agency is not per se admissible upon the trial in the district court." (161 S.W.2d at 1030)

Accord, *Richardson v. City of Pasadena,* supra (513 S.W.2d at 4). See also *City of Carrollton v. Keeling,* supra (560 S.W.2d at 490) (case heard on appeal after amended *§ 17* became effective). Point two is overruled.

Finding no reversible error, we affirm the judgment of the trial court.

AFFIRMED.