**CITY OF AUSTIN, Appellant,**

v.

**Joseph VILLEGAS, Appellee.**

**No. 8502.**

Court of Civil Appeals of Texas, Beaumont.

July 10, 1980.

Rehearing Denied Aug. 14, 1980.

Jonathan R. Davis, Asst. City Atty., Austin, for appellant.

Robert O. Smith, Richard Banks, Austin, for appellee.

KEITH, Justice.

The question presented in this case is the sufficiency of the allegations in an order of indefinite suspension of a city police officer by the Chief of Police. The cause arises under the provisions of §§ 16, 17, and 18 of *Tex.Rev.Civ.Stat.Ann. art. 1269m (1963 and Supp. 1980).*

At all times material to this suit, plaintiff was a policeman in the City of Austin and his tenure was governed by the provisions of the civil service statute noted above. On March 23, 1979, he was served with a letter of indefinite suspension signed by the Chief of Police and he duly gave notice of appeal to the Civil Service Commission. Prior to the hearing before the Commission, plaintiff filed certain special exceptions to the notice of suspension challenging the legal sufficiency of the order of suspension.

At the conclusion of the hearing, the Commission entered its order upholding the indefinite suspension, thereby terminating plaintiff's service as a police officer. He timely appealed to the District Court of Travis County, restated his exceptions to the sufficiency of the allegations of the letter of suspension, and prayed that the order of the Commission be set aside and that he be reinstated with back pay etc.

After answer, plaintiff filed his motion for summary judgment wherein he confined the reach of the motion to the sufficiency of the order of suspension. He made no attack upon the evidentiary base of the order of the Commission. The trial court granted plaintiff's motion for summary judgment from which City has perfected this appeal.

Although it has been held that proceedings under the Civil Service Act are not subject to "the stringency of the criminal law" [*Bolieu v. Firemen's & Policemen's Civil Service Comm'n,* 330 S.W.2d 234, 236 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.)], such proceedings are governed by statutes of unusual strictness.[1]

Both parties cite and rely upon dictum taken from *City of San Antonio v. Poulos,* 422 S.W.2d 140, 145 (Tex. 1967), where the chief of police alleged that the officer had violated three different rules, alleged a group of facts, but did not point to the facts which applied to a particular rule. The Court recommended:

"The better procedure for a Department Head in such a situation would be to consider separately each rule which was alleged to have been violated and then

---

1. *Sec. 16* of the applicable statute reads in part:

"The written statement above provided to be filed by the department head with the Commission, shall not only point out the civil service rule alleged to have been violated by the suspended employee, but shall contain the alleged acts of the employee which the department head contends are in violation of the civil service rules. It shall not be sufficient for the department head merely to refer to the provisions of the rules alleged to have been violated and in case the department head does not specifically point out the act or acts complained of on the part of such employee, it shall be the duty of the Commission promptly to reinstate him. In any civil service hearing hereunder, the department head is hereby restricted to his original written statement and charges, which shall not be amended . . . ."

state the precise factual basis for the violation." [2]

While the parties accept the recommendation, they are in disagreement as to whether the Chief in this case complied with the suggestion laid down in *Poulos.* Plaintiff did not raise any question as to the sufficiency of the letter insofar as it related to the civil service rules he was charged with having violated. However, as set out in his brief,

> "[He] insists that there was no affirmative allegation or description of the *acts* of Appellee which the Chief of Police *contends* were in violation of the rules pointed out. Not only does the letter of suspension not *accuse* Appellee of any misconduct, it does not even state the contention or position of the parties." (emphasis in original)

We disagree with the contentions advanced by the plaintiff for the reasons now to be stated.

The lengthy five-page charge detailed many facts which led to a summary of the charges as they related to specific rules of the Civil Service Commission.[3] It would unduly lengthen this opinion to list each factual basis of the charge in detail. It is sufficient to point to one which is adequate to support the dismissal.

Generally, elsewhere in the charge, the Chief asserted that plaintiff had solicited a bribe from four Mexican Nationals whom he had apprehended for a traffic violation; and, after the department learned of such solicitation, he approached the Mexican Na-

tionals stating that "the smartest thing to do was drop the case" and that he had two brothers on the police force "who did not like what was happening and would do something about it." Thereafter, plaintiff was "ordered not to have any contact whatsoever with these subjects until the investigation was completed."

It was also charged that plaintiff went to the residence of the Nationals and admitted his visit but denied making additional threats to the men. General Order Document 38, Section 2, of the Civil Service Commission Rules provides "No employee shall wilfully disobey a lawful order." The charge specified that he did disobey a lawful order and the charge was followed by factual allegations which apparently were found to have been established by lawful evidence to the satisfaction of the Commission.

Plaintiff had been charged with corruption in his acts and his insubordination was a blatant attempt to thwart an investigation into his illegal activities. In the context in which the insubordination charge was made, it enhanced the seriousness of the original charge.

■ Insubordination—the violation of lawful orders of superiors—cannot be tolerated in a police department charged with the protection of the lives and property of the public generally. *Richardson v. City of Pasadena,* 500 S.W.2d 175, 177 (Tex.Civ. App.—Houston [14th Dist.] 1973), rev'd on other grounds, 513 S.W.2d 1 (Tex. 1974). See also, *Warner v. City of Lufkin,* 582

---

**2.** *Rule XV, § 4,* of the Rules of Procedure adopted by the Austin Civil Service Commission, reads in part: "Content of Written Statement. Said written statement shall state the rule or rules alleged to have been violated by the suspended employee and shall immediately thereafter state the alleged acts of the employee which the department head contends are in violation of the rules and regulations."

**3.** "Specifically, Officer Villegas violated General Order Document No. 38, Sections 2 and 11a, in that his conduct brings discredit to himself and the Austin Police Department. He violated General Order Document No. 38, Section 22 by

violating criminal statutes of the State of Texas, to-wit: Bribery and Retaliation. He violated General Order Document No. 38, Section 25 by willfully failing to make a proper report concerning a bribe or attempted bribe. He violated General Order Document No. 38, Section 37 by failing to obey the lawful order of a superior. He violated General Order Document No. 38, Section 27 by making a willful misrepresentation to a supervisor. He violated General Order Document No. 38, Section 34 by negligently failing to make a report concerning a bribe or attempted bribe."

S.W.2d 165, 167 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

 There was at least one valid charge against plaintiff (and we do not hold that any of the several charges was not valid), and the Commission found the facts presented supported the charge. Thus, we are of the opinion and now so hold that there was a valid charge supported by evidence sufficient to convince the Commission of the truth thereof. Consequently, it is immaterial that one or more of the additional charges may have been defective.

On appeal from the Commission, plaintiff labored under an onerous burden, one articulated in *Richardson v. City of Pasadena,* supra:

> "[T]he review afforded an appellant from a Commission order under the trial de novo provision of the Civil Service Act is limited. The agency's order goes to the trial court with a presumption of validity. The party attacking the order must show the court that the order is not supported by substantial evidence." (513 S.W.2d at 3)

See also, *Firemen's and Policemen's Civil Service Commission of Port Arthur v. Hamman,* 404 S.W.2d 308, 311 (Tex. 1966); *Fire Department of City of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664, 666 (1949).

We have given careful consideration to the scholarly brief filed on behalf of plaintiff but are not persuaded that the charge as a whole was fatally defective; consequently we sustain City's sole point of error.[4]

Our action requires a reversal of the judgment of the trial court and we turn now to the relief to which the appellant City is entitled. Plaintiff made no attack upon the factual basis of the Commission's order and his motion for summary judgment was confined to the claimed deficiencies in the charges. Thus, the order of the Commission comes to us presumptively valid without any challenge of its validity. Under the record which we review, City is entitled to judgment whereby the plaintiff takes nothing by reason of his suit; thus, the order of the Civil Service Commission upholding the indefinite suspension is now reinstated just as if plaintiff had not perfected an appeal to the district court. It is so ordered.

REVERSED and RENDERED.

CLAYTON, J., not participating.

---

4. "The trial court erred in granting summary judgment upon Appellee's motion because the written statement of charges (letter of suspension) was not legally insufficient."