Jack HEARD, Sheriff of Harris County, Texas, et al., Appellant,

v.

J.P. INCALCATERRA, Appellee.

No. 01–85–00128–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 5, 1985.

Rehearing Denied Jan. 16, 1986.

Mike Driscoll, County Atty., John W. Mahoney, Asst. County Atty., Houston, for appellant.

John "Lee" Arellano, Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

COHEN, Justice.

This case arises from a civil service commission order upholding the dismissal of a deputy from the Harris County Sheriff's Department. The trial court reversed the commission's order and granted appellee reinstatement, back pay, attorney's fees, interest, and expunction of criminal records arising from the events that preceded the termination.

On September 14, 1984, Captain Dan Doehring of the Harris County Sheriff's Department observed appellee driving at approximately 90 miles per hour. Doehring, who was in an unmarked car, attempted to stop appellee, but appellee failed to stop. Doehring radioed for assistance, which was rendered by Officer McDuffie, who pulled behind appellee and turned on his lights, at which time appellee stopped his car, was arrested, and was transported to the Humble substation.

At the substation, appellee refused to take either a breath test or blood test, but he did agree to a videotaped motor skills test. Within approximately three hours of his arrest, appellee was notified that he was fired for violating written departmental policies concerning use of alcohol, violation of laws, general behavior, and disorderly conduct. Appellee was also charged with the misdemeanor offense of driving while intoxicated, but the case was dismissed on the State's motion before trial.

Pursuant to Tex.Rev.Civ.Stat.Ann. art. 2372h–8, sec. 7 (Vernon Supp.1985), which governs county sheriffs' departments in counties having a population of over 950,000, appellee appealed his termination to the civil service commission, which upheld the termination. Appellee then appealed the commission's order to the district court, which rendered judgment for appellee, including expunction of all records regarding the charge of driving while intoxicated.

The appellant presents one point of error alleging that the commission's order was supported by substantial evidence, and, therefore, the trial court erred in overturning the order. Appellee replies that the substantial evidence rule is inapplicable because the commission's order decided issues that were judicial in nature, rather than administrative. Therefore, he argues, the trial de novo under article 2372h–8 must be a trial on the merits without regard to the substantial evidence rule. Additionally, he urges that even if the substantial evidence rule were applicable, the commission's order was arbitrary, capricious, and not supported by substantial evidence.

We must first decide whether article 2372h–8, section 7, provides for a trial de novo under the substantial evidence rule.

Article 2372h–8, section 7, provides in pertinent part:

(a) An employee who under a final decision of the commission is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court of the county not later than the 30th day after the day the decision is issued.

(b) An appeal under this section shall be tried de novo.

Appellee argues that this language mandates a trial on the merits. We have found no decisions interpreting this statute, and the question appears to be one of first impression. However, there is considerable authority interpreting "trial de novo" pursuant to Tex.Rev.Civ.Stat.Ann. art. 1269m (Vernon Supp.1985), which governs municipal police and fire fighters' civil service.

Article 1269m, section 18, provides in pertinent part:

In the event any Fireman or Policeman is dissatisfied with any decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that the decision be set aside, and such case shall be tried de novo.

The language of article 2372h–8, section 7, is similar to that of article 1269m, section 18. The purposes of the articles are also similar: article 2372h–8 regulates the civil service commission over sheriffs' departments in counties having a population of over 950,000; article 1269m regulates the civil service commission over municipal police and fire departments.

Our courts have interpreted "trial de novo" under article 1269m to mean a review under the substantial evidence rule. In applying the rule, trial de novo means a trial to determine "the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence." *Fire Department of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 510, 217 S.W.2d 664, 666 (1949). "The Legislature did not in ... Article 1269m purport to provide for or require a de novo trial on appeal in the full sense." *Firemen's & Policemen's Civil Service Commission of Port Arthur v. Hamman,* 404 S.W.2d 308, 312 (Tex.1966).

The application of the rule is well settled. The appellant is permitted to introduce evidence at the trial de novo so that the trial court can determine, based on the record made in that court, whether there was in existence, at the time of the commission's order, evidence of a substantial nature rea-sonably supporting the order. *Kavanagh v. Holcombe,* 312 S.W.2d 399, 403 (Tex.Civ. App.—Houston 1958, writ ref'd n.r.e.).

Appellee further contends that his termination under article 2372h–8 involves rights that must be determined by a court, not by an agency of the executive department of government. This is not the law.

If the matter covered by the order is one committed to the agency by the Legislature, and involves the exercise of its sound judgment and discretion in the administration of the matter so committed to it, the court will not undertake to put itself in the position of the agency, and determine the wisdom or advisability of the particular ruling or order in question, but will sustain the action of the agency so long as its conclusions are reasonably supported by substantial evidence.

*Railroad Commission v. Shell Oil Co.,* 139 Tex. 66, 78–79, 161 S.W.2d 1022, 1029 (1942); *accord Fire Department of Fort Worth v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664.

 Article 2372h–8, section 6 clearly establishes that the commission may "make, publish, and enforce rules relating to ... layoffs *and dismissals.*" (emphasis added). Enforcing a dismissal is not a power that is primarily judicial in nature. Rather, it is a power committed by the legislature to the commission, allowing for the sound judgment and administration of that matter by the commission. To hold otherwise would authorize the trial court to issue the order that it thinks the commission should have entered, which would be in excess of the court's constitutional power. *Fire Department of Fort Worth v. City of Fort Worth,* 147 Tex. at 509–510, 217 S.W.2d at 666. Having examined analogous authority and applicable case law, we conclude that an action under article 2372h–8 must be reviewed upon trial de novo in the district court under the substantial evidence rule.

 We next determine whether there was substantial evidence introduced at the trial de novo to support the commission's

order. Appellee contends that because no findings of fact or conclusions of law were filed, this Court must presume there was not substantial evidence to support the order. We disagree.

 The record contains no findings of fact or conclusions of law or any requests therefor. This usually requires that the judgment be affirmed if it can be upheld on any legal theory supported by evidence. *In re W.E.R.*, 669 S.W.2d 716 (Tex.1984). However, this case is an exception to that rule. The trial court's role here was to review the commission's order under the substantial evidence rule. This was a question of law. *Firemen's & Policemen's Civil Service Commission v. Brinkmeyer*, 662 S.W.2d 953 (Tex.1984). It was not the trial court's duty to pass upon the preponderance of the evidence. *Board of Firemen's Relief & Retirement Fund Trustees v. Marks*, 150 Tex. 433, 437, 242 S.W.2d 181, 183 (1951). Review under the substantial evidence rule makes findings of fact unnecessary because there are no "facts" to be found by the court. *Valentino v. City of Houston*, 674 S.W.2d 813, 820 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Tilley v. Rogers*, 405 S.W.2d 220, 222 (Tex. Civ.App.—Beaumont 1966, writ ref'd n.r. e.). The reviewing court may neither substitute its judgment for that of the agency on controverted issues of fact, nor may it set aside the agency's order because the evidence did not compel the result reached by the agency. *Trapp v. Shell Oil Co.*, 145 Tex. 323, 341, 198 S.W.2d 424, 436 (1946). The resolution of factual conflicts and ambiguities is the province of the administrative body. The aim of the substantial evidence rule is to protect that function. *Firemen's & Policemen's Civil Service Commission v. Brinkmeyer*, 662 S.W.2d at 956. The sole issue for the district court is not whether the agency came to a proper fact conclusion, but whether it acted arbitrarily and without regard to the facts. *Trapp v. Shell Oil Co.*, 145 Tex. at 349, 198 S.W.2d at 441.

In countering appellant's substantial evidence argument, appellee contends that there is no substantial evidence because the commission hearing was illegal and tainted for the reasons that: (1) the evidentiary proceeding before the commission was conducted in derogation of any rules of procedure, and (2) the commission acted arbitrarily and capriciously, basing its order on "trumped-up" evidence.

 The record of the commission hearing was never admitted into evidence. Therefore, neither this Court nor the trial court has examined that evidence. However, the substantial evidence rule does not require the trial court to review the record of the commission hearing. Rather, the rule provides a forum in which an appellant is entitled to introduce evidence so that the court can decide, based on the record made in the trial court, whether there was in existence at the time of the order of the hearing, evidence of a substantial nature reasonably supporting the order. *Kavanagh v. Holcombe*, 312 S.W.2d at 402–403.

 Appellant contends that the commission's order was tainted and illegal because: 1) witnesses were not sworn; 2) the commission failed to view a videotape of appellee, and thus failed to view all of the evidence before it; and 3) no record, findings of fact, or conclusions of law were made. We overrule these contentions because "whether the Commission heard sufficient evidence to support its order is immaterial." *Kavanagh v. Holcombe*, 312 S.W.2d at 403 (quoting *Letwin v. Gulf Oil Corp.*, 164 S.W.2d 234, 235 (Tex.Civ.App.—Austin 1942, writ ref'd)); *accord Warner v. City of Lufkin*, 582 S.W.2d 165 (Tex.Civ. App.—Beaumont 1979, writ ref'd n.r.e.).

 The record indicates that there was substantial evidence supporting the commission's order and that the commission did not act arbitrarily. Appellee testified that he had drunk six or seven beers on the morning in question. Captain Doehring testified that at the arrest scene, he smelled alcohol on appellee, that appellee's speech was slurred, and that his balance was unstable. Officers Adams and Lucas

supported this testimony. In contradiction to this, Officers McDuffie and Cleboski testified that appellee did not appear intoxicated at the arrest scene or the substation. While reasonable minds might differ, reasonable minds could conclude that appellee was intoxicated.

After reviewing all of the evidence, we hold that the commission's judgment was reasonably supported by substantial evidence and was not arbitrary or capricious. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed insofar as it grants reinstatement, back pay, tenure, attorney's fees, costs, and interest, and judgment is rendered that appellee take nothing. The portion of the judgment granting expunction of records concerning the appellee's arrest and prosecution for driving while intoxicated has not been attacked on appeal and is, therefore, affirmed.