LINDSAY V. TRAVIS CO. SHERRIF 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00080-CV







David Lindsay, Appellant



v.



The Travis County Sheriff's Department, Sheriff Terry Keel in his Official Capacity,


and The Travis County Sheriff's Civil Service Commission, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-15457, HONORABLE PAUL DAVIS, JUDGE PRESIDING








 The Travis County Sheriff's Office terminated appellant, David Lindsay, by indefinite
suspension from his deputy sheriff position on the grounds of sexual harassment, conduct unbecoming an
officer, and untruthfulness in regard to his interactions with a female middle school student. The Travis
County Sheriff's Civil Service Commission (the "Commission") upheld the termination. Lindsay appealed
the termination to the district court. The district court denied the requested relief. We will affirm the trial
court's judgment.



BACKGROUND


 In February of 1994, while acting in his position as Travis County Deputy Sheriff, Lindsay
responded to a disturbance caused by a troubled, fourteen-year-old female student at Del Valle Middle
School. On his own initiative, Lindsay made contact, both by phone and in person, with the student on
several occasions after the disturbance. The student later complained to the sheriff's office about Lindsay's
improper contacts with her. After conducting an investigation into Lindsay's personal contacts with the
student, the sheriff's office indefinitely suspended Lindsay, in effect terminating him, for sexual harassment,
conduct unbecoming an officer, and untruthfulness. See Travis County Sheriff's Office Civil Service
Regulations § 4.04 (allowing dismissal from the Sheriff's Department for just cause) and § 5.01 (defining
those violations worthy of disciplinary action as "any action or inaction which unnecessarily inhibits the
accomplishment of (or progress toward the accomplishment of) a [Sheriff's] Department goal, or policy
purpose, or which violates a rule").

 Lindsay appealed his termination to the Commission. At the Commission hearing, he
testified: (1) that he had gone to the student's home on three separate occasions after his initial contact,
twice after dark; (2) that he had given the student his business card with his personal pager number on it;
(3) that he had telephoned the student; and (4) that he had told her that she was a "good looking kid that
had a lot to look forward to." Lindsay was examined about the sworn statements that the student made
against him in her complaint to the sheriff's office. Additionally, a polygraph examiner testified that
Lindsay's polygraph answers indicated deception in answering three relevant questions regarding his
interactions with the student. After hearing the evidence, the Commission upheld Lindsay's termination.

 Lindsay sought judicial review in district court and introduced the record from the
Commission's hearing into evidence. See Tex. Loc. Gov't Code Ann. § 158.037 (West 1988); Bexar
County Sheriff's Civil Service Comm'n v. Davis, 802 S.W.2d 659 (Tex. 1990); Heard v. Incalcaterra,
702 S.W.2d 272, 276 (Tex. App.--Houston 1985, writ ref'd n.r.e.). The court upheld the Commission's
decision.



DISCUSSION


 Lindsay brings two points of error. First, Lindsay complains that the Travis County
Sheriff's Civil Service Regulations violate the due process clause of the United States Constitution because
the rules require employees to present evidence before the sheriff's office presents its evidence at the
Commission's hearing. Second, Lindsay complains that the Commission's ruling was not supported by
substantial evidence.



Violation of Due Process

 Lindsay's due process claim is based on the Commission's rule providing for an employee
to present evidence first in a Commission hearing. See Travis County Sheriff's Office Civil Service
Regulation § 6.06. Lindsay claims, without citing authority for the proposition, that this order of
presentation violates his due process rights because it effectively places the burden on the employee to
prove that the adverse employment decision was without just cause rather than requiring the Sheriff to
justify termination. The Commission's rules, however, do not place the burden on the employee, and the
order of presentation at the Commission's hearing does not, on its own, determine which party has the
burden of proof. The Commission's post-termination hearings are informal and are not required to follow
the full procedural framework of a civil trial to provide due process to an employee. Davis, 802 S.W.2d
at 664. Due process entitled Lindsay to a hearing where he could present his version of the events. See
id. at 661-62. Lindsay testified, presented witnesses and evidence, and cross-examined a witness brought
by appellees. Lindsay also had the opportunity to present rebuttal evidence. This Court can find nothing
to suggest that Lindsay's due process was denied.



No Substantial Evidence

 The Local Government Code provides that an employee suspended by a sheriff's
department civil service commission's decision may appeal to district court by trial de novo, appealable as
in other civil cases. Tex. Loc. Gov't Code Ann. § 158.037 (West 1988). One court of appeals has held
that this section calls for judicial review of the agency's decision under the substantial evidence rule, rather
than an evidentiary trial on the merits. Heard, 702 S.W.2d at 276. (1) See Tex. Gov't Code Ann. §§
2001.173, .174 (West 1997).

 Citing Heard, the Texas Supreme Court stated that a trial court's review of an appeal from
a sheriff's civil service commission hearing is under the substantial evidence rule. Davis, 802 S.W.2d at
661 n.1. This Court has never been called upon to decide the proper manner, scope and standard of
review in these cases. Neither party asks us to do so in this appeal. Both agree that the proper standard
of review is substantial evidence, and Lindsay's point of error is framed on that basis. Lindsay complains
that the Commission's decision and the trial court's judgment are not supported by substantial evidence;
appellee argues that they are.

 The agency's decision is presumed to be supported by substantial evidence, and the
appealing party bears the burden on appeal of showing a lack of substantial evidence. Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). The reviewing
court should sustain the decision if it determines that the evidence is such that reasonable minds could have
reached the same conclusion the agency reached. Suburban Util. Corp. v. Public Util. Comm'n, 652
S.W.2d 358, 364 (Tex. 1983).

 Lindsay complains that the record does not contain substantial evidence proving the
allegations against him. In particular, he complains that evidence concerning his polygraph answer should
not be considered, although he has no point of error challenging that evidence. Even without the polygraph
evidence, we hold that the record contains substantial evidence supporting the Commission's termination
of Lindsay. The record shows that at the Commission hearing, Lindsay admitted to visiting the student on
several occasions, including at night; leaving his personal pager number with her; complimenting her
appearance; and telephoning her. The record also contains evidence of the allegations made by the student
in her affidavit regarding Lindsay's improper attention and comments.

 We address the narrow question posed by the point of error and hold that, assuming the
standard of review, the record contains substantial evidence to support the Commission's decision.



CONCLUSION


 Because Lindsay has failed to demonstrate that the Commission's rule regarding the order
of presentation at Commission hearings violated his due process rights and because there was substantial
evidence to support the Commission's ruling, we overrule both of Lindsay's points of error and affirm the
district court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   A careful reading of Heard, however, suggests that the court is actually referring to substantial
evidence de novo review: "The appellant is permitted to introduce evidence at the trial de novo so that
the trial court can determine, based on the record made in that court, whether there was in existence, at
the time of the commission's order, evidence of a substantial nature reasonably supporting the order." 
Heard, 702 S.W.2d at 275 (citing Kavanagh v. Holcombe, 312 S.W.2d 399, 403 (Tex. Civ.
App.--Houston 1958, writ ref'd n.r.e.). See also Gerst v. Nixon, 411 S.W.2d 350, 354 (Tex.
1966); Thomas M. Reavley, Substantial Evidence & Insubstantial Review in Texas, 54 Tex. L.
Rev. 285, 295-302 (1976).


sheriff's
department civil service commission's decision may appeal to district court by trial de novo, appealable as
in other civil cases. Tex. Loc. Gov't Code Ann. § 158.037 (West 1988). One court of appeals has held
that this section calls for judicial review of the agency's decision under the substantial evidence rule, rather
than an evidentiary trial on the merits. Heard, 702 S.W.2d at 276. (1) See Tex. Gov't Code Ann. §§
2001.173, .174 (West 1997).

 Citing Heard, the Texas Supreme Court stated that a trial court's review of an appeal from
a sheriff's civil service commission hearing is under the substantial evidence rule. Davis, 802 S.W.2d at
661 n.1. This Court has never been called upon to decide the proper manner, scope and standard of
review in these cases. Neither party asks us to do so in this appeal. Both agree that the proper standard
of review is substantial evidence, and Lindsay's point of error is framed on that basis. Lindsay complains
that the Commission's decision and the trial court's judgment are not supported by substantial evidence;
appellee argues that they are.

 The agency's decision is presumed to be supported by substantial evidence, and the
appealing party bears the burden on appeal of showing a lack of substantial evidence. Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984). The reviewing
court should sustain the decision if it determines that the evidence is such that reasonable minds could have
reached the same conclusion the agency reached. Suburban Util. Corp. v. Public Util. Comm'n, 652
S.W.2d 358, 364 (Tex. 1983).

 Lindsay complains that the record does not contain substantial evidence proving the
allegations against him. In particular, he complains that evidence concerning his polygraph answer should
not be considered, although he has no point of error challenging that evidence. Even without the polygraph
evidence, we hold that the record contains substantial evidence supporting the Commission's termination
of Lindsay. The record shows that at the Commission hearing, Lindsay admitted to visiting the student on
several occasions, including at night; leaving his per