COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RENE ARROYO, | § | No. 08-11-00059-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| TEXAS WORKFORCE COMMISSION, AND ITS TECHNOLOGIES % LOGISTICS, % TALX UCM SERVICES, INC.—UC EXPRESS, | § § | of El Paso County, Texas (TC# 2010-569) |
| | § | |
| Appellees. | | |

**MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss for lack of jurisdiction. We conclude that a request for findings of fact and conclusions of law does not extend the time for filing a notice of appeal from a judgment affirming the Texas Workforce Commission's denial of unemployment benefits. As a result of this holding, the notice of appeal in this case was untimely. We therefore dismiss the appeal for lack of jurisdiction.

**BACKGROUND**

Rene Arroyo filed a claim for unemployment benefits upon being terminated from his employment. The Texas Workforce Commission denied the claim, and Arroyo filed a petition for judicial review. After conducting an evidentiary hearing, the district court determined that the Commission's decision was supported by substantial evidence. The court signed a final judgment affirming the Commission's decision on November 9, 2010. Arroyo filed a request for findings of fact and conclusions of law on November 23, 2010. The district court did not enter any findings of fact or conclusions of law. On February 7, 2011, Arroyo filed a notice of appeal.

**DISCUSSION**

A notice of appeal is generally due within thirty days after a final judgment is signed, unless any post-judgment motions are filed to extend the deadline. *See* TEX. R. APP. P. 26.1(a). A timely request for findings of fact and conclusions of law will extend the deadline to ninety days from the signing of the judgment, if findings and conclusions "could properly be considered by the appellate court." TEX. R. APP. P. 26.1(a)(4).

To determine whether findings and conclusions could properly be considered by an appellate court, it is necessary to determine the nature of the trial court's decision. The Texas Supreme Court has stated that findings and conclusions could properly be considered on appeal from "any judgment based in any part on an evidentiary hearing." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). On the other hand, "[a] request for findings of fact and conclusions of law does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal." *Id.*

The "substantial evidence de novo" standard applies to a district court's review of the Commission's decision regarding unemployment benefits. *See* TEX. LAB. CODE ANN. § 212.202(a) (West 2006); *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986); *Uranga v. Tex. Workforce Comm'n*, 319 S.W.3d 787, 789 (Tex. App. – El Paso 2010, no pet.). Under this standard, the court must determine whether there is substantial evidence to support the Commission's decision, but in making this determination, the court considers the evidence presented at the trial de novo rather than the record created by the Commission. *Mercer*, 701 S.W.2d at 831; *see also Uranga*, 319 S.W.3d at 789 ("[T]he issue is whether the evidence introduced before the trial court shows facts in existence at the time of [the Commission's] decision that reasonably support the decision."). The Commission's decision carries a presumption of validity, and the reviewing court may not set the decision aside

merely because the court would have reached a different conclusion. The decision may be set aside only if it was made without regard to the law or the facts and was therefore unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831; *Uranga*, 319 S.W.3d at 789. "Whether [the Commission's] decision is supported by substantial evidence is strictly a question of law." *Uranga*, 319 S.W.3d at 789.

As mentioned above, the Texas Supreme Court has indicated that a request for findings and conclusions would extend the appellate timetable from "any judgment based in any part on an evidentiary hearing." *IKB Indus.*, 938 S.W.2d at 443. But such a request would not extend the timetable from "a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal." *Id.* At first blush, this case seems to fall within both categories, because the district court's final judgment was based in part on the evidence presented at the hearing, but it was also rendered as a matter of law.

The parties have not cited, and we have not found, any authority addressing whether a request for findings of fact and conclusions of law extends the timetable for an appeal from a judgment upholding the Commission's denial of unemployment benefits. However, other appellate courts have held that it is inappropriate for a trial court to make factual findings and legal conclusions on review of the Commission's decision. *See Madisonville Consol. Indep. Sch. Dist. v. Tex. Emp't Comm'n*, 821 S.W.2d 310, 314 (Tex. App. – Corpus Christi 1991, writ denied); *Tex. Emp't Comm'n v. Lewis*, 777 S.W.2d 817, 822 (Tex. App. – Fort Worth 1989, no writ); *see also Meisner v. Tex. Workforce Comm'n*, No. 05-98-01410-CV, 2000 WL 1751098, at *5 (Tex. App. – Dallas Nov. 29, 2000, pet. denied) (not designated for publication); *cf. Dallas Cnty. Civil Serv. Comm'n v. Warren*, 988 S.W.2d 864, 870 (Tex. App. – San Antonio 1999, no pet.) (holding that the district court erred in submitting the substantial evidence issue to the jury). As one court has explained, "Review under

the substantial evidence rule makes findings of fact unnecessary because there are no 'facts' to be found by the court." *Heard v. Incalcaterra*, 702 S.W.2d 272, 276 (Tex. App. – Houston [1st Dist.] 1985, writ ref'd n.r.e.) (reviewing decision of civil service commission under substantial evidence de novo standard). It is for the Commission to resolve factual conflicts and ambiguities. *See id.* The reviewing court may not substitute its judgment for that of the Commission on controverted fact issues. *See id.* "The sole issue for the district court is not whether the [Commission] came to a proper fact conclusion, but whether it acted arbitrarily and without regard to the facts." *Id.*

Arroyo argues that the standard of review should not determine whether a request for findings and conclusions extends the appellate timetable. The Texas Supreme Court has indicated that an *appellate court's* standard of review is not dispositive. *See IKB Indus.*, 938 S.W.2d at 443. If it were, a request following dismissal for discovery abuse, as in *IKB Industries*, would not extend the timetable even though the supreme court has "encouraged trial courts to make these findings, and they can be considered on appeal." *Id.* In this case, the *district court's* standard of review determined the nature of its ruling. Moreover, we are not aware of any authority indicating that a district court's factual findings should be considered in an appeal from a judgment upholding the Commission's decision.

Arroyo also suggests that abuse of discretion, rather than substantial evidence de novo, is the applicable standard of review because he is challenging the Commission's interpretation of a statute that purportedly gave him the right to use self-defense against a co-employee's assault. The interpretation of a statute is an issue of law for which factual findings would be inappropriate. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

The district court's judgment was rendered as a matter of law, such that findings and conclusions would have no purpose and could not be considered on appeal. *See IKB Indus.*, 938

S.W.2d at 443. Accordingly, Arroyo's request for findings and conclusions did not extend the deadline for filing the notice of appeal.

We lack jurisdiction over an appeal if the notice of appeal was not timely. *Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692, 695 (Tex. App. – El Paso 2007, no pet.). Because Arroyo's request for findings of fact and conclusions of law did not extend the appellate timetable, his notice of appeal was due within thirty days after November 9, 2010--the date the trial court signed the final judgment. Since he did not file his notice of appeal until February 7, 2011, the notice was untimely. Therefore, the Commission's motion to dismiss for lack of jurisdiction is granted. The Commission's motion for extension of time to file its brief is denied as moot.

GUADALUPE RIVERA, Justice

June 15, 2011

Before Chew, C.J., McClure, and Rivera, JJ.