**John FLEMING, Individually, and d/b/a A to Z Roofing Company, Appellant,**

v.

**Kenneth TAYLOR and Gloria Taylor, Appellee.**

**No. 13–90–482–CV.**

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

Rehearing Overruled Aug. 29, 1991.

Michael W. Williams, Corpus Christi, for appellant.

John A. Sixta, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

### OPINION

NYE, Chief Justice.

Appellant, John Fleming, individually and d/b/a A to Z Roofing Co., sued appellees, Kenneth and Gloria Taylor, for breach of contract to recover the price for installing a new roof to their home. Appellees filed a counterclaim against appellant, alleging breach of contract, negligence and violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA).[1] After a bench trial, the trial court entered judgment favorable to appellees for $4,053.00 in actual damages and $3,000.00 in attorney's fees. The trial court awarded additional attorney's fees in the event of appeal. By one point of error, appellant complains that the trial court erred by failing to make findings of fact and conclusions of law. We affirm.

By a single point, the appellant complains that the trial court failed to make findings of fact and conclusions of law after being timely requested to do so. Rule 296 of the Texas Rules of Civil Procedure provides that:

> In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request shall be entitled "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

In this case, the appellant filed his "REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW" on September 13, 1990. The Hon. Robert Blackmon, judge of the 117th District Court of Nueces County, Texas, acknowledged receipt on the same date. On September 14, 1990, the Hon. Joaquin Villarreal, judge of the 347th District Court of Nueces County, Texas, signed the judgment. Rule 306c provides:

> No motion for new trial or request for findings of fact and conclusions of law shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails, and every such request for findings of fact and conclusions of law shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment.

The appellant's request for findings of fact and conclusions of law was filed one day prior to the signing of the judgment. Thus, the request will be deemed to have been filed on the date of but subsequent to the time of signing of the judgment, September 14, 1990.

■ The appellant filed his "COMPLAINT UPON THE FAILURE OF THE TRIAL JUDGE TO FILE STATEMENT OF FACTS AND CONCLUSIONS OF LAW AS REQUESTED" with the clerk on October 16, 1990. Rule 297 provides (emphasis and footnote ours):

> The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. The court shall cause a copy of its findings and conclusions to be mailed to each party in the suit.
>
> If the court fails to file timely findings of fact and conclusions of law, the party making the request *shall, within thirty days after filing the original request,* file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to forty days from the date the

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–63 (Vernon 1987 & Supp.1991).

original request was filed.[2]

The language of Rule 297 is very clear. The party making the request shall, within thirty days after filing the original request, file with the clerk a "Notice of Past Due Findings of Fact and Conclusions of Law." Here, the appellant notified the clerk of trial court's failure to file the findings of fact and conclusions of law on October 16, 1990, thirty-two days after he made his original request for findings of fact and conclusions of law. The appellant did not comply with the thirty-day time period set forth in Rule 297, and, as such, has waived his complaint on appeal that the trial court failed to file the findings of fact and conclusions of law. *See Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255–56 (Tex.1984) (The reminder was filed four days late, and the Court held that Las Vegas had no complaint on appeal that the trial court failed to file the findings and conclusions.); *Saldana v. Saldana*, 791 S.W.2d 316, 318 (Tex.App.—Corpus Christi 1990, no writ) (The reminder was filed two days late, and this court held that the appellant was precluded from complaining on appeal of the trial court's failure to file its findings and conclusions.).

■ The burden is on the appellant, or other party seeking review, to make sure that a sufficient record is presented to show error requiring reversal. Tex. R.App.P. 50(d). No statement of facts was filed with this case. Therefore, we assume, as such: as we may, that the evidence supports the trial court's judgment.

The trial court's judgment is AFFIRMED.

---

**2.** Rule 297 was amended effective September 1, 1990. Prior to the amendment, Rule 297 stated: "When demand is made therefor, the court shall prepare its findings of fact and conclusions of law and file same within thirty days after the judgment is signed. Such findings of fact and conclusions of law shall be filed with the clerk and shall be part of the record. If the trial judge shall fail so to file them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such date, call the omission to the attention of the judge, whereupon the period for preparation and filing shall be automatically extended for five days after such notification."