IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-140-CV





HARVEY WAYNE NEELEY,



 APPELLANT


vs.





IRIS CARROLL NEELEY,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 487,083, HONORABLE PETE LOWRY, JUDGE



 





PER CURIAM

 This is an appeal from a final decree of divorce. Appellant Harvey Wayne Neeley,
the respondent below, alleges the trial court erred in failing to file findings of fact and conclusions
of law, and in denying his motion for new trial. We will affirm.



FINDINGS OF FACT AND CONCLUSIONS OF LAW


A. Notice of Past Due Findings of Fact and Conclusions of Law Was Not Timely Filed.

 The final decree of divorce was signed January 4, 1991. Appellant filed a request
for findings of fact and conclusions of law on January 24, 1991. Tex. R. Civ. P. Ann. 296
(Supp. 1992). Rule 297 requires a trial court to file its findings of fact and conclusions of law
within twenty days after a timely request is filed, in this case, by February 13, 1991. Tex. R.
Civ. P. Ann. 297 (Supp. 1992). The trial court did not file the requested findings and
conclusions. Rule 297 specifies that "if the court fails to file timely findings of fact and
conclusions of law, the party making the request shall, within thirty days after filing the original
request, file . . . a "Notice of Past Due Findings of Fact and Conclusions of Law." Id. (emphasis
added). On Tuesday, February 26, 1991, thirty-three days after the original request had been
filed, appellant filed a "Notice of Past Due Findings of Fact and Conclusions of Law." Monday, February 25, 1991, was not a legal holiday. 1975 Tex. Gen. Laws, ch.
11, § 1, at 14 (Tex. Rev. Civ. Stat. Ann. art 4591, since amended); Tex. Rev. Civ. Stat. Ann.
art. 342-910a (Supp. 1992); 1991 Tex. Gen. Laws, 1st C.S., ch. 19, art. V, § 7, at 1005. Nor
does the record reflect that the notice of past due findings of fact and conclusions of law was sent
to the trial clerk by first-class United States mail on or before the last day for filing same. Tex.
R. Civ. P. Ann. 5 (Supp. 1992). Consequently, the thirty-day period for filing the notice of past
due findings of fact and conclusions of law was not enlarged. Therefore, appellant has waived
his complaint on appeal that the trial court failed to file findings of fact and conclusions of law. 
Fleming v. Taylor, 814 S.W.2d 89, 91 (Tex. App. 1991, no writ) (notice of past due findings and
conclusions filed thirty-two days after original request does not comply with Rule 297; complaint
waived). Appellant's first point of error is overruled.



MOTION FOR NEW TRIAL


 In his second point of error, appellant asserts that the trial court erred in denying
his motion for new trial. A motion for new trial is addressed to the trial court's discretion and
the court's ruling on such will not be disturbed on appeal in the absence of a showing of an abuse
of that discretion. While trial courts have some discretion in the matter, it is not an unbridled
discretion to decide cases as they might deem proper without reference to any guiding rule or
principle. BMW Auto Center, Inc. v. River Oaks Bank, 776 S.W.2d 689, 691 (Tex. App. 1989,
writ denied).

 Appellant alleged in his motion for new trial that (1) his attorney failed in her duty
to represent him; (2) he was prevented from bringing this failure to the trial court's attention; and
(3) available evidence was not brought out, resulting in an unfair and unjust judgment. 

 

A. The Motion for New Trial Does Not Comply with the Texas Rules of Civil Procedure.

 The motion for new trial fails to comply with the requirements of the Texas Rules
of Civil Procedure. The motion does not direct the court to the specific acts or omissions that
evidence Rowe's alleged failure to represent appellant, nor does the motion identify the evidence
that was available but not introduced, (1) or explain how appellant was prevented from bringing these
matters to the trial court's attention. Appellant has failed to clearly identify those matters about
which he complains. Tex. R. Civ. P. Ann. 321 (Supp. 1992). Additionally, the grounds for
objection set forth in the motion are couched in general terms in violation of Tex. R. Civ. P. Ann.
322 (1977). 

B. Grant of New Trial Not Proper on Ground Advanced.

 The ground for new trial alleged in the motion is that appellant's attorney "failed
in her duty to represent him," by failing to introduce available evidence. Failure of counsel to
fully develop available evidence does not constitute "good cause." White v. Wah, 789 S.W.2d
312, 320 (Tex. App. 1990, no writ); Scheffer v. Chron, 560 S.W.2d 419, 420 (Tex. Civ. App.
1977, writ ref'd n.r.e.). Appellant has not stated proper grounds for the granting of a new trial. 
We hold that the trial court did not abuse its discretion in denying appellant's motion for new
trial. Appellant's second point of error is overruled.

 The judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: May 6, 1992

[Do Not Publish]
1. The record reflects there was a hearing on the motion for new trial at which various exhibits
were admitted. None of the exhibits admitted at the hearing are included in the record on appeal.