In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-176 CV


____________________



DOUGLAS ANTHONY JONES, Appellant



V.



LISA MARIE JONES BAUGHMAN, Appellee






On Appeal from the County Court at Law


Liberty County, Texas


Trial Cause No. 52,667






O P I N I O N


 This appeal arises from the grant of a motion to modify the parent-child
relationship. Jones and Baughman entered into a joint managing conservator agreement
on June 28, 1996, concerning their two children. Baughman filed a motion to modify that
agreement; the motion was heard and the trial court entered an order granting Baughman's
motion. Under that order, Jones is replaced by Baughman as Joint Managing Conservator
with primary custody and care of the children. Jones appeals raising three points of error. 
 Point of error one claims the trial court erred in failing to file findings of fact and
conclusions of law. The record reflects the "Notice of Past Due Findings of Fact and
Conclusions of Law" required by Rule 297 was untimely filed. Failure to comply with
Rule 297 waives any complaint on appeal that the trial court failed to file the findings of
fact and conclusions of law. See Fleming v. Taylor, 814 S.W.2d 89, 91 (Tex. App.--Corpus Christi 1991, no writ) (citing Las Vegas Pecan & Cattle Co. v. Zavala County, 682
S.W.2d 254, 255-56 (Tex.1984)). Point of error one is overruled.

 In his second point Jones states, "Did the trial Court abuse its discretion in finding
a material change of circumstance based on [his] life style of following his job and moving
with his employment?" The record does not reflect which change of circumstance the trial
court found material. Because the record does reflect more than one change of
circumstance since the divorce, the trial court's finding of a material change is not
necessarily based upon Jones' movements because of his employment. The point is
predicated upon an assertion not established in the record. Therefore, we overrule point
of error two.

 Point of error three queries "Was the Trial Court's finding of a material change of
circumstance and finding of a positive improvement without support in the record an abuse
of discretion." Under point of error three, Jones makes only two claims: (1) the only
possible basis for granting the motion, "the instability of his moving," is not grounds for
modification; and (2) "the mere fact that a parent has remarried and had a home for the
children is not alone sufficient to justify modification." 

 At the time of the divorce, Baughman was a high school dropout with no job and
no place to live. The record reflects the following changes since the divorce:


 both children have started school; 
 Baughman has earned her GED; 
 Baughman has procured employment; 
 Baughman has remarried; 
 Baughman can now provide a home for the children; 
 Jones remarried, divorced, and remarried again; 
 Jones was involved in a live-in relationship that did not result in marriage; 
 Baughman has moved twice since the divorce; and 
 Jones has moved approximately six times since the divorce. 


 Under the statute in effect when the modification order was entered, (1) the trial court
may modify a joint managing conservatorship if:

 (1)(A) the circumstances of the child or one or both of the joint
managing conservators have materially and substantially changed since the
rendition of the order; or

 (B) the order has become unworkable or inappropriate under
existing circumstances; and

 (2) a modification of the terms and conditions of the order would
be a positive improvement for and in the best interest of the child.


We review the trial court's decision to modify for abuse of discretion. See In re P.M.B.,
2 S.W.3d 618, 621 (Tex. App.--Houston [14th Dist.] 1999, no pet.). "It is an abuse of
discretion for a trial court to rule without supporting evidence." Id. Because there are no
findings of fact or conclusions of law, we imply the trial court made all the necessary
findings to support its judgment. See Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex.
1980).

 Clearly, there were grounds for modification other than Baughman's remarriage and
Jones' moves. We find the trial court did not abuse its discretion. Point of error three is
overruled.

 The judgment of the trial court is AFFIRMED. 






 DON BURGESS

 Justice


Submitted on February 15, 2002

Opinion Delivered February 21, 2002

Do Not Publish 

 

Before Walker, C.J., Burgess and Gaultney, JJ.
1. Act of April 20, 1995, 74th Leg. R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113,
174, amended by Act of June 16, 1995, 74th Leg. R.S., ch. 751, § 48, 1995 Tex. Gen.
Laws 3888, 3906, repealed by Act of June 16, 2001, 77th Leg. R.S., ch. 1289, § 12, 2001
Tex. Gen. Laws 3108, 3111.