COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| VICTOR URANGA, | § | No. 08-08-00048-CV |
| Appellant, | | |
| | § | Appeal from |
| v. | | |
| | § | 168th District Court |
| THE TEXAS WORKFORCE | | |
| COMMISSION and | § | of El Paso County, Texas |
| NATIONWIDE MUTUAL INSURANCE | | |
| COMPANY, | § | (TC # 2007-1316) |
| Appellees. | § | |

## O P I N I O N

Victor Uranga, *pro se*, appeals from a summary judgment granted in favor of the Texas Workforce Commission and Nationwide Mutual Insurance Company. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Victor Uranga was employed by Nationwide Mutual Insurance in El Paso, Texas, as a Financed Agent from January 6, 2003 until November 8, 2005. According to Nationwide, a Financed Agent is an employee-agent who builds an insurance agency to the point where the agency is financially self-supporting, at which time the Financed Agent becomes an independent contractor. Uranga's duties included managing staff, acquiring new policy holders, and servicing existing policyholders. In June 2005, Uranga's manager, Sanford Scott, met with Uranga to address his poor job performance. Despite that meeting, Uranga continued to under-perform over the course of the next two months. Scott set up meetings with Uranga on three different dates in September and

October, but Uranga either asked to reschedule or did not appear. When Uranga did not attend the third meeting, Scott left a voice mail instructing Uranga to call him immediately. Uranga failed to return the call. Through further investigation, Scott learned that Uranga had been absent from the office for most of August and September and that he had removed computer equipment and all of his personal belongings from the El Paso office. Scott concluded that Uranga had abandoned his position of employment with Nationwide. On November 7, 2005, Scott wrote a letter to Uranga informing him that Nationwide considered his employment to have ended.

Uranga filed a claim for unemployment benefits. TWC determined that Uranga was disqualified under Section 207.045 of the Texas Labor Code because he had voluntarily resigned his employment without good cause connected with the work. Uranga appealed but the Texas Workforce Commission Appeal Tribunal affirmed the decision denying Uranga unemployment benefits on the ground he was disqualified. Uranga appealed again but TWC affirmed the Appeal Tribunal's decision. Uranga then filed suit in district court against TWC and Nationwide seeking judicial review of TWC's decision.

TWC and Nationwide filed a joint motion for summary judgment urging that the case is limited to a substantial evidence review and there was more than a scintilla of evidence supporting TWC's decision. Uranga filed a response and attached evidence, but the trial court sustained Nationwide's objections to a compact disc (Exhibit A) and excluded it from consideration. The trial court granted the joint motion for summary judgment and this appeal follows.

**DENIAL OF TRIAL DE NOVO**

In his first issue, Uranga contends that the trial court denied him a trial *de novo* because it failed to make a full and fair determination of the TWC decision and his Fair Labor Standards Act claims.

*Fair Labor Standards Act Claims*

We will first address Uranga's argument that the trial court denied him a trial on his Fair Labor Standards Act claims. The record does not support his assertion that he has made an independent claim under FLSA. The TWC's decision shows that Uranga argued that he resigned with good cause because he had been required to work overtime without compensation, but there is nothing to indicate Uranga ever presented an independent claim under FLSA. Uranga's pleadings in the trial court are limited to seeking judicial review of TWC's decision on his unemployment benefits. The only relief he sought was a determination that TWC's decision was erroneous and a finding he was entitled to unemployment benefits. The first part of Uranga's argument is without merit. We turn now to review the propriety of the summary judgment granted in favor of Nationwide and TWC.

*Substantial Evidence Review*

The trial court reviews a TWC decision regarding benefit payments *de novo* to determine whether there is substantial evidence to support that decision. TEX.LAB.CODE ANN. § 212.202(a) (Vernon 2006); *Collingsworth General Hospital v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). TWC's ruling carries a presumption of validity, and the party seeking to set aside the decision has the burden to show that it was not supported by substantial evidence. *Collingsworth General Hospital*, 988 S.W.2d at 708. Under the substantial evidence standard of review, the issue is whether the evidence introduced before the trial court shows facts in existence at the time of TWC's decision that reasonably support the decision. *Id.* The reviewing court may not set aside a TWC decision merely because it would reach a different conclusion. *Id*. It may do so only if it finds that TWC's decision was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. *Id.*

Whether TWC's decision is supported by substantial evidence is strictly a question of law. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence. *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex.App.--Houston [1st Dist.] 1999, no pet.). Consequently, the evidence may preponderate against TWC's decision but still amount to substantial evidence. *Id.*

*Summary Judgment Standard of Review*

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). We review all summary judgments *de novo*. *Valence Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standard for reviewing a traditional summary judgment is well established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

The issue before us is whether the summary judgment evidence established as a matter of law that substantial evidence existed to support TWC's decision. Nationwide and TWC attached to their motion for summary judgment the affidavit of Sanford Scott and TWC's written decision.

Scott's affidavit established that Uranga had been employed by Nationwide from January of 2003 to November 2005. As an agent, Uranga would have a full day but he was able to set his own office hours. Uranga was aware at the time he was hired of the job responsibilities and the required time commitment. When Uranga's job performance became a problem, Scott met with him to discuss the deficiencies in his operation. Uranga's job performance did not improve and Scott attempted to meet with him again, but Uranga did not attend the scheduled meetings. Scott subsequently discovered that Uranga had been absent from the office for most of the two previous months and he had removed computer equipment and personal belongings. Scott determined Uranga had abandoned his employment and wrote Uranga a letter notifying him that Nationwide considered his employment at an end.

TWC determined that Uranga was disqualified from receiving unemployment benefits pursuant to Section 207.045(a) of the Texas Labor Code because he voluntarily resigned without good cause connected with his work. *See* TEX. LABOR CODE ANN. § 207.045(a)(Vernon 2006). TWC defined good cause in its written decision as follows:

> Good cause connected with the work for leaving, as that term is used in the law of unemployment insurance, means that cause, related to work, as would induce a person who is genuinely interested in retaining work to nevertheless leave the job.

Uranga maintains, as he did before TWC, that he resigned for good cause on three grounds. First, Uranga claimed he had been required to work overtime without being paid time-and-a-half. TWC

found that while Uranga was required to work excessively long hours, he acquiesced in this requirement by working under those conditions from the inception of his employment. TWC's finding is supported by Scott's affidavit. According to TWC, if a claimant works under objectionable conditions for a prolonged time, this weighs against a finding that the eventual resignation was for good cause. Second, Uranga argued that he resigned because he believed he was about to be laid off. TWC rejected this argument because Uranga had not received any affirmative, definite notice from the employer that his separation from employment was imminent. TWC's finding is supported by Scott's affidavit. TWC cited precedent holding that leaving a job when work is still available, even when definite notice of layoff was given, is considered to be a voluntary resignation without good cause. Finally, Uranga alleged that his supervisor had acted in bad faith to create a record to justify his eventual discharge. TWC found the evidence on this point was too speculative to support a finding of good cause.

Uranga presented two pieces of evidence with his summary judgment response, namely, the purported transcript of the TWC proceedings, which the trial court excluded, and the affidavit of his supervisor, Sanford Scott. Scott's affidavit shows that Uranga resigned but it does not provide any support for Uranga's arguments that he resigned for good cause nor does it show that TWC's decision was not supported substantial evidence. Because we conclude that the trial court properly granted summary judgment in favor of TWC and Nationwide, we overrule Issue One.

## EXCLUSION OF SUMMARY JUDGMENT EVIDENCE

In Issue Two, Uranga complains that the trial court erred by excluding a purported transcript of the TWC hearing. Both TWC and Nationwide respond that Uranga has waived his complaint because the excluded evidence has not been brought forward on appeal. We agree. Although Texas Rule of Appellate Procedure 35.3(a) places the burden to timely prepare, file, and certify the clerk's

record on the trial court clerk, the appellant bears the burden to bring forward an appellate record that enables us to determine whether the appellant's complaints constitute reversible error. *Crown Asset Management, LLC v. Dunavin*, No. 05-07-01367-CV, 2009 WL 2837754 (Tex.App.--Dallas September 4, 2009, no pet.); *see W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 37 (Tex.App.--Houston [14th Dist.] 2006, no pet.)(noting that historically, burden falls on appellant to see that sufficient record is presented showing reversible error). Because the evidence has not been included in the record, we are unable to review Appellant's complaint. We overrule Issue Two and affirm the judgment of the trial court below.

February 24, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Macias, Judge
Macias, Judge, sitting by assignment