NO. 07-10-00085-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
21, 2011

 



 

STACY CONNER, APPELLANT

 

v.

 

TIM JOHNSON, APPELLEE 



 



 

 FROM THE 72ND DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2008-544,345; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before CAMPBELL
and PIRTLE, J.J., and BOYD, S.J.[1]

 

MEMORANDUM OPINION

            Appellant
Stacy Conner, appearing pro se,
appeals a take nothing judgment in favor of appellee Tim Johnson.  We will affirm.

            We
begin by noting Conner’s brief does not meet several requisites of an appellate
brief.  Tex. R. App. P. 38.1.  We conclude, however, he presents sufficient
argument to allow us to decide the appeal. 
Tex R. App. P. 38.9.  Johnson,
appearing pro se on appeal, filed a
response to Conner’s brief. 

Analysis

            By
his first issue, Conner complains of the absence from the clerk’s record on
appeal of certain documents. 
Specifically, he argues the omission of a “notice of intent to
dismiss--no service of process,” his motion for continuance, a letter from the
court concerning his motion for continuance, and an order granting a
continuance constitutes reversible error. 


None of the documents Conner mentions
are automatically included in the clerk’s record.  See
Tex. R. App. P. 34.5(a).  But a party may
designate any other documents filed of record for inclusion in the clerk’s
record.  See Tex. R. App. P. 34.5(a)(13),(b).  However, the clerk’s record contains no such
designation by Conner.  Additionally,
Conner was permitted to withdraw the clerk’s record for preparation of his
brief.  The appellate rules provide a
means for supplementation of the record. 
On his discovery that the clerk’s record did not contain the documents
he deemed necessary for this appeal, Conner could have directed the trial court
clerk, by letter, to prepare and file a supplemental clerk’s record containing
the documents.  Tex. R. App. P.
34.5(c).  But he did not.  

We recognize Conner is proceeding pro se. 
We do not, however, have different procedural rules for litigants representing
themselves on appeal.  The same
procedural requirements exist for pro se
and attorney-represented appellants.  See Greenstreet
v. Heiskell, 940 S.W.2d 831, 834-35 (Tex.App.--Amarillo 1997, no writ)
(stating pro se litigants are held to
the same standards as licensed attorneys and must comply with applicable laws
and rules of procedure).

Since the clerk was not required to
include in the clerk’s record the documents Conner complains were omitted, it
was Conner’s burden both to designate them for inclusion in the record, and to
cause the record to be supplemented if necessary, when he was provided the
record for his use.  Tex. R. App. P.
34.5(b), (c); Uranga v. Tex. Workforce
Comm’n, 319 S.W.3d 787, 791 (Tex.App.--El Paso 2010, no pet.) (noting an
appellant’s burden of bringing forward appellate record enabling court to
address appellate complaints).  No error
by the trial court is shown.  

Moreover, nothing in the record
demonstrates how the absence of the documents either probably caused the
rendition of an improper judgment or probably prevented Conner from properly
presenting his case on appeal.  Tex. R.
App. P. 44.1(a).  

Conner’s first issue is overruled.

By his second issue, Conner asserts
he was denied due process of law and “equal access to court”[2]
because he did not receive sufficient notice of the January 5, 2010, trial
setting.  From Conner’s brief analysis of
the issue, the essence of his complaint appears to be that he did not receive
written notice of the trial setting. 
While Conner made known to the trial court his objection to proceeding
with the trial, and obtained an adverse ruling, he did not object on the
constitutional grounds he now urges on appeal. 


An issue raised on appeal should
direct the appellate court to error committed by the trial court.  Tex. R. App. P. 33.1.  “A party waives the right to raise a
constitutional claim such as due process on appeal if that claim is not
presented to the trial court.”  Kaufman v. Comm’n for Lawyer Discipline,
197 S.W.3d 867, 875 (Tex.App.--Corpus Christi 2006, pet. denied).  Because Conner did not present his
constitutional complaints to the trial court, the issue is not preserved for
our review.

Moreover, even had Conner preserved
his complaint for our review it lacks merit. 
The clerk’s record contains a letter from Conner to a senior district
judge who apparently conducted a hearing in the case.  The document is dated October 27, 2009, and
bears the November 4, 2009, file mark of the district clerk.  In the correspondence, Conner acknowledged
the case was set for trial on January 5, 2010. 
Thus, Conner received more than forty-five days’ notice of the trial
setting.  See Tex. R. Civ. P. 245 (parties entitled to reasonable notice of
not less than forty-five days of first trial setting).  Conner’s second issue is overruled. 

In his third issue, citing Rule of
Civil Procedure 305, Conner asserts he did not receive a copy of a proposed
judgment submitted by counsel for Johnson to the trial court.  Conner does not direct us to a location in
the record where he called this complaint to the attention of the trial court.  Nothing is therefore preserved for our
review.  Tex. R. App. P. 33.1(a).  

Even had the complaint been properly
preserved, however, the record does not demonstrate Conner suffered any
harm.  Tex. R. App. P. 44.1(a)(1) (unless
error probably caused rendition of improper judgment, judgment will not be
reversed on appeal).  Conner’s third
issue is overruled.

            In
his fourth issue, Conner argues the trial court erred by including in the
judgment the recital “[a]ll parties appeared and announced to the Court that
they were ready for trial.”  By order of
the trial court, Conner appeared for trial by telephone.[3]  He does not contest this fact on appeal.  Rather the nub of Conner’s complaint seems to
be he did not announce ready for trial. 
We agree.  The reporter’s record
shows at the commencement of trial Conner vehemently argued he was not prepared
for trial, apparently based on the claim he did not receive written notice of
the setting.  

We will assume, without deciding,
that Conner preserved his objection to the complained-of recital in the
judgment through his motion for new trial.[4]  However, “[t]he factual recitations or
reasons preceding the decretal portion of a judgment form no part of the
judgment itself.”  Alcantar v. Okla. Nat’l Bank, 47 S.W.3d 815, 823 (Tex.App.--Fort
Worth 2001, no pet.).  Therefore, even
though Conner did not announce ready for trial, the contrary recital in the
judgment causes him no harm.  Tex. R.
App. P. 44.1(a).  See Campbell v. Campbell,
No. 07-02-0436-CV, 2003 Tex. App. Lexis 9694, at *4-*6 (Tex.App.--Amarillo Nov.
13, 2003, no pet.) (mem. op.) (incorrect recitals in judgment included
appellant’s announcement of ready for trial but record did not demonstrate
resulting harm).  Conner’s fourth issue
is overruled.  

            By
his fifth issue, Conner asserts the trial court erred by failing to file
findings of fact and conclusions of law. 
The judgment was signed on February 8, 2010, and Conner placed his
request for findings of fact and conclusions of law in the prison mail system
on February 28.  According to Conner the
trial court did not make the requested findings, and the clerk’s record does
not contain findings.  See Tex. R. App. P. 34.5(4),(6) (clerk’s
record must include copies of request for findings and findings).  The clerk’s record does not contain a notice
of past due findings and Conner asks us to consider a copy of a notice attached
as an exhibit to his appellate brief.  

            A
request for findings of fact and conclusions of law must be filed with the
clerk of the trial court within twenty days of the date the judgment was
signed.  Tex. R. Civ. P. 296.  If the trial court fails to respond to a
timely request for findings within twenty days, the requesting party must file
a notice of past due findings within thirty days of the original request.  Tex. R. Civ. P. 297; Bluebonnet Fin. Assets v. Miller, 324 S.W.3d 600, 602 (Tex.App.--El
Paso 2009, no pet.).  A party who fails
to file a notice of past due findings or files an untimely notice of past due
findings waives a complaint on appeal regarding a trial court’s failure to file
findings of fact and conclusions of law. 
See Alpert v. Crain, Caton &
James, P.C., 178 S.W.3d 398, 410 (Tex.App.--Houston [1st Dist.] 2005, pet.
denied) (complete failure to file notice of past due findings); Fleming v. Taylor, 814 S.W.2d 89, 91
(Tex.App.--Corpus Christi 1991, no writ) (untimely filed notice of past due
findings).  

            The
record does not show Conner filed a notice of past due findings with the trial
court and we may not consider documents outside the appellate record.  See
Samara v. Samara, 52 S.W.3d 455, 456 n.1 (Tex.App.--Houston [1st Dist.]
2001, pet. denied) (op. on reh’g) (appellate court may not consider documents
attached to appellate brief unless documents are included in appellate record).[5]  Based on the appellate record and the rules
that govern our review of complaints of trial court error, we find Conner has
waived any complaint that the trial court failed to make findings of fact and
conclusions of law.  We overrule Conner’s
fifth issue. 

Conclusion

            Having
overruled each of Conner’s issues on appeal, we affirm the judgment of the
trial court.

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1] 
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  





[2] Conner does not provide authorities
supporting his due process and “equal access to courts” contentions. See Tex. R. App. P. 38.1(i) (appellant’s
brief must contain clear and concise argument of contentions made with
appropriate citations to authorities and record).  For this discussion, we assume by equal
access to courts he refers to the Open Courts provision of the Texas
Constitution.  Tex. Const. art. I, § 13.





[3] Conner is incarcerated in a unit of
the Texas Department of Criminal Justice.





[4] By his fourth ground for granting a
new trial Conner there argued, “The trial court erred even in signing a
‘judgment for Defendant’ when [sic] on its face value alone runs contrary to
the truth and the facts contained in the record itself.”  The motion was apparently overruled by
operation of law.  Tex. R. Civ. P.
329b(c).





[5] In August 2010, Conner filed a
“motion for continuance” with this court. Attached to the motion was a document
entitled “pro se notice of past due findings of fact and conclusions of
law.”  Because this document is not
included in the trial court record, we gave it no consideration.  See
Yarbrough v. State, 57 S.W.3d 611, 616 (Tex.App.--Texarkana 2001, pet. ref’d)
(affidavits attached to motion appellant filed with court of appeals not part
of appellate record and could not be considered on appeal).