**DISMISS; and Opinion Filed April 29, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01332-CV**

**MIKE JABARY, Appellant**
**V.**
**CITY OF ALLEN AND PETER SMITH, ESQ., CITY ATTORNEY, Appellees**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-827-2011**

**MEMORANDUM OPINION**
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Lang-Miers

This appeal has been pending since September 28, 2012. On November 29, 2012, the district court clerk informed the Court that the clerk's record, which was overdue, had not been filed because payment had not yet been received. *See* TEX. R. APP. P. 35.1, 35.3(a). On March 6, 2013, after the trial court sustained two contests to appellant's affidavit of inability to pay appellate costs, we ordered appellant to pay, within ten days of the date of the order, the trial court clerk's fee for preparation of the record. *See Uranga v. Tex. Workforce Comm'n*, 319 S.W.3d 787, 791 (Tex. App.–El Paso 2010, no pet.) (appellant bears burden of bringing forward appellate record). We cautioned appellant that failure to comply would result in the appeal being dismissed without further notice. *See id.* 37.3(b). Appellant responded by filing a "notice of clerk's refusal of payment" and "motion to require clerk to file clerk's record." He asserts in

both that by letter dated February 5, 2013, the district clerk informed him that the "breakdown of the costs" for the clerk's record was as follows:

> Clerk's Record: <u>8517</u> pages @ $1.50 per page totaling: $<u>12,775.90</u>
> Paper copy of Record: <u>8517</u> pages @ $.25 per page totaling: $<u>2,129.25</u>
> And/or CD copy of Record: $<u>20.00</u>.

Construing the letter to mean he could choose from any of the three "formats," appellant requested a "CD copy" of the record and tendered a check to the clerk on March 12, 2013 in the amount of $20. The district clerk, however, returned the check to appellant, explaining in a letter dated March 14, 2013 that "if the Clerk's Record is not paid for and prepared for filing with the Fifth Court of Appeals, there is no CD copy available to produce." Appellant contends the clerk cannot "chang[e her] mind on what [she] want[s] to charge" for the record and "should be held to [her] agreement." Appellant requests we order the clerk to "deliver the record on appeal to this Court's Clerk for filing and award [appellant] attorney's fees." Appellees respond, asserting the clerk's letter setting forth the schedule of costs "plainly state[s] . . . there is but one way to have the 'Clerk's Record' filed . . . – by paying the $1.50 per page fee."

Texas Rule of Appellate Procedure 35.3(a) provides that the clerk "is responsible for preparing, certifying, and timely filing the clerk's record if: . . . (2) the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee." *See* TEX. R. APP. P. 35.3(a). Pursuant to Texas Supreme Court order and our local rules, the clerk may file either a paper record or an electronic record submitted to the Texas Appeals Management and E-filing System web portal. *See id.* app. C; 5th Tex. App. (Dallas) Loc. R. 11.2(9).

Although appellant argues the clerk's schedule of costs reflects he could choose to have a CD copy of the record filed, the supreme court order and our local rules do not allow for the record to be filed in that format. *See* TEX. R. APP. P. app. C; 5th Tex. App. (Dallas) Loc. R.

–2–

11.2(9).  Additionally, any confusion that may have been created by the clerk's February 5th letter was clarified by the clerk when she stated in her second letter to appellant that the $20 would secure a CD *copy* of the record once the record had been "paid for and prepared for filing."  Appellant has had more than a month since then to pay or make arrangements to pay the required fee but has failed to do so, and nothing in either his "notice of clerk's refusal of payment" or "motion to require clerk to file clerk's record" reflects his intent to do so.

We **DENY** appellant's motion to order the clerk to file the CD copy of the record and for attorney's fees.  Because the record has not been filed as a result of appellant's failure to pay for the record, and appellant has been given a reasonable opportunity to pay or make arrangements to pay, we **DISMISS** the appeal.  *See id.* 37.3(b).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

121332F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIKE JABARY, Appellant

No. 05-12-01332-CV          V.

CITY OF ALLEN AND PETER SMITH, ESQ., CITY ATTORNEY, Appellees

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-827-2011.
Opinion delivered by Justice Lang-Miers.
Justices Moseley and Bridges participating.

In accordance with this Court's opinion of this date, the we **DISMISS** the appeal.

We **ORDER** that appellees City of Allen and Peter Smith, Esq., City Attorney recover their costs of this appeal from appellant MIKE JABARY.

Judgment entered this 29th day of April, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE