

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HELEN M. JACKSON, | § | |
| | | No. 08-15-00016-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 352nd District Court |
| TEXAS WORKFORCE COMMISSION | § | |
| and AETNA LIFE INSURANCE CO., | | of Tarrant County, Texas |
| | § | |
| Appellees. | | (TC#352-267004-13) |
| | § | |

## **O P I N I O N**

Helen M. Jackson, a pro se litigant, appeals the trial court's judgment affirming the Texas Workforce Commission's (TWC) denial of unemployment compensation benefits. Appellees include the TWC and Jackson's former employer, Aetna Life Insurance Company. We affirm.[1]

## **BACKGROUND**

Jackson was a social worker who had worked as a clinical counselor for Aetna since October 2011. The parties agreed that Jackson quit her job on January 17, 2013, by submitting a letter of resignation. Jackson had been previously informed that she was going to be placed on a performance improvement plan. On Friday January 11, Jackson's supervisor notified her that the plan had been prepared and was ready for her to review and sign by the following Monday. The

---

[1] This case was transferred from the Fort Worth Court of Appeals, and we decide it in accordance with the precedent of that Court to the extent required by TEX. R. APP. P. 41.3.

next day, Saturday January 12, she reviewed the plan and discovered that an earlier incident was on her record. The earlier incident involved alleged false statements Jackson had made in a client's record. Jackson believed this incident had already been reviewed and was going to be removed from her record. Jackson called in sick on Monday and Tuesday, January 14 and 15, and was not scheduled to work on Wednesday January 16.

On January 17, 2013, Jackson called the Aetna human resources department (HR) about this issue. After informing a member of the HR staff about her concerns, a case was opened to investigate Jackson's allegations. During this same phone call, HR made an appointment for Jackson to speak to an HR representative on January 22 about her concerns. Jackson was also told to inform her supervisor about the case, which she failed to do. Rather than wait until the meeting with HR on January 22 to address the issue, Jackson submitted her letter of resignation, effective immediately, on January 17. Jackson's letter of resignation informed Aetna that she was quitting because the earlier incident was cited in the improvement plan, not because she was getting a poor performance review. Jackson did not speak with anyone at Aetna to resolve her concerns over the falsification issue being included in the performance improvement plan before resigning. Jackson testified that she did not wait until the January 22 appointment with HR because she didn't trust HR and it was imperative to leave work to protect herself from "any other damage happening."

Jackson applied for unemployment benefits. The TWC determined that she was not entitled to compensation because her reason for quitting was not considered good cause connected with the work. At Jackson's request, the TWC Appeal Tribunal reviewed the decision and affirmed the TWC's denial of unemployment benefits. The Tribunal found that Jackson had quit

2

her job on January 17 in response to certain items in the written performance improvement plan that she strongly disagreed with, but that while HR on January 17 had opened a case to investigate her allegations and set up an appointment on January 22 for her to meet with HR to discuss her concerns, Jackson did not speak to anyone else about the performance plan or her intention to resign but rather submitted her letter of resignation to her employer effective immediately. Citing a statutory provision in the Act and the TWC policy manual providing that a claimant has good cause to quit only after making a reasonable effort to resolve legitimate complaints with management, the TWC Appeal Tribunal concluded that Jackson had failed to establish good cause connected with the work sufficient to quit her job and qualify for unemployment insurance benefits. Subsequently, the TWC considered Jackson's appeal from the Appeal Tribunal and affirmed, adopting the findings and conclusions of the Appeal Tribunal.

Jackson then filed a petition for review of the TWC decision in district court. Following a bench trial, in which the district court considered the case on the record before the TWC, the district court affirmed the TWC's decision, stating in the judgment that the TWC's decision was supported by substantial evidence.

## DISCUSSION

In one issue on appeal, Jackson complains the trial court erred in upholding the TWC's ruling, because she voluntarily left her employment with good cause.

### Standard of Review

Judicial review of a TWC determination is by "trial de novo based on the substantial evidence rule." TEX. LAB.CODE ANN. § 212.202(a) (West 2015). The TWC's ruling carries a presumption of validity, and thus Jackson, as the party seeking to set aside the decision, had the

3

burden to show that it was not supported by substantial evidence. *Collingsworth Gen. Hosp. v. Hunnicutt,* 988 S.W.2d 706, 708 (Tex. 1998); *Uranga v. Texas Workforce Comm'n*, 319 S.W.3d 787, 789 (Tex.App. – El Paso 2010, no pet.). Under the substantial evidence standard of review, the issue is whether the evidence introduced before the trial court shows facts in existence at the time of TWC's decision that reasonably support the decision. *Collingsworth Gen. Hosp.,* 988 S.W.2d at 708; *Uranga*, 319 S.W.3d at 789; *see also Blanchard v. Brazos Forest Products, L.P.,* 353 S.W.3d 569, 572 (Tex.App. – Fort Worth 2011, pet. denied). A reviewing court may not set aside a TWC decision merely because it would reach a different conclusion. *Collingsworth Gen. Hosp.,* 988 S.W.2d at 708; *Uranga*, 319 S.W.3d at 789. It may do so only if it finds that TWC's decision was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. *Collingsworth Gen. Hosp.,* 988 S.W.2d at 708; *Uranga*, 319 S.W.3d at 789. If any reasonable person could have come to the same conclusion as the TWC based on the evidence, the agency's decision must be upheld, even if the reviewing court would have reached a different conclusion. *DeMarsh v. Texas Workforce Comm'n*, No. 02-03-081-CV, 2003 WL 22725507, at *2 (Tex.App. – Fort Worth Nov. 20, 2003, pet. denied) (per curiam) (mem. op.). Where the agency's decision is shown to be against the great weight and preponderance of the evidence, a court, as a matter of law, is still bound to affirm the agency decision as long as a reasonable person could have reached the conclusion reached by the agency. *Id.*

The ultimate issue in this appeal is whether the trial court correctly determined that the TWC's decision was supported by substantial evidence. Whether the TWC's decision is supported by substantial evidence is strictly a question of law. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986); *Uranga*, 319 S.W.3d at 789. Substantial evidence is more than a mere scintilla

4

of evidence but less than a preponderance of evidence. *Uranga*, 319 S.W.3d at 789. Consequently, the evidence may preponderate against TWC's decision but still amount to substantial evidence. *Id.*; *Blanchard*, 353 S.W.3d at 572.

## Analysis

The Texas Unemployment Compensation Act provides that an "individual is disqualified for benefits if the individual left the individual's last work voluntarily without good cause connected with the individual's work." TEX. LAB. CODE ANN. § 207.045(a) (West 2015). The TWC defines "good cause" to include a cause related to an individual's work that "would cause a person who is genuinely interested in retaining work to nevertheless leave the job." Texas Workforce Commission, *Appeals Policy and Precedent Manual*, Voluntary Leaving, § VL 210.00, http://www.twc.state.tx.us/files/jobseekers/appeals-policy-precedent-manual-voluntary-leaving-twc.pdf (last visited June 2, 2016). Germane to the present case, the TWC has further defined "good cause" in its policies and decisions to mean that a claimant has good cause connected with the work for quitting only "after making a reasonable effort to resolve legitimate complaints with management." *Id.*, citing Appeal No. 1089-CA-72. Applying the TWC definition, we conclude the evidence supports the TWC's decision to deny Jackson's claim for unemployment compensation benefits.

Jackson voluntarily terminated her employment with Aetna without providing Aetna an opportunity to resolve the situation that Jackson claims forced her to resign. A reasonable person genuinely interested in retaining work would afford his employer the opportunity to resolve concerns before summarily resigning. Jackson informed HR of her concerns on January 17 and was given the opportunity to come meet with HR on January 22 to discuss her concerns, and yet

5

Jackson did not make a reasonable effort to resolve her complaints with Aetna by attending that meeting, but rather submitted her letter of resignation effective immediately on January 17. A reasonable person genuinely interested in retaining work would have first attended the planned meeting to see if their concerns could be addressed, or at a minimum would have requested the meeting occur sooner. Jackson did neither. It was not unreasonable for the TWC to conclude, based on the evidence, the Act, and TWC's policies and prior decisions, that Jackson did not have good cause to leave her job. *See DeMarsh*, 2003 WL 22725507, at *3 (holding that trial court did not err in concluding TWC decision denying benefits was supported by substantial evidence when driller voluntarily left work because he believed oil rig was unsafe—and rig was later shown to be unsafe—but did not raise his safety concerns with his supervisor).

## CONCLUSION

For these reasons, we conclude the trial court correctly determined the TWC's decision denying Jackson unemployment compensation benefits was supported by substantial evidence. Accordingly, we overrule Jackson's sole issue and affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

July 6, 2016

Before McClure, C.J., Rodriguez, and Hughes, JJ.

6