

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00022-CV

**JASON ELLIOTT OPP AND JENNIFER JEAN OPP,**

                                        **Appellants**

 **v.**

**RAINBOW INTERNATIONAL, LLC,**

                                        **Appellee**

### From the 414th District Court
### McLennan County, Texas
### Trial Court No. 2018-919-5

## MEMORANDUM OPINION

In six issues in this restricted appeal, appellants, Jason Opp, and Jennifer Opp, advancing pro se, challenge the trial court's October 18, 2018 judgment in favor of appellee, Rainbow International, LLC.[1]  We affirm.

---

[1] In their pro se notice of appeal, the Opps purport to represent themselves and Spartan Construction, LLC.  However, the Opps signed their notice of appeal and appellants' brief in their individual capacities.  Additionally, Texas law does not allow for nonlawyers to represent corporate entities.  *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (stating that corporations may appear only through licensed attorneys); *Amron Props., LLC v. McGown Oil Co.*, No. 14-03-01432, 2004 Tex. App. LEXIS 2268, at **1-2 (Tex. App.—Houston [14th Dist.] Mar. 11, 2004, no pet.)

# I. BACKGROUND

In April 2014, the Opps and appellee entered into a franchise agreement with an initial ten-year term and numerous requirements on the part of the Opps, the franchisees. Apparently, the franchise agreement was subsequently assigned to Spartan Construction, LLC, with the Opps personally guaranteeing the agreement.

In its original petition, appellee asserted that the franchise agreement obligated appellants to submit weekly reports of gross sales, pay a license fee based on the reports of gross sales, make payments owed pursuant to a promissory note, and pay advertising and marketing fees. The agreement also provided for a charge for missed reports, dishonored checks, and late fees, including interest. Appellee alleged that, starting in November 2016 and continuing into 2017, appellants breached the agreement numerous times. The alleged breaches of the agreement included the failure to pay various licensing, marketing, and advertising fees. Additionally, appellants purportedly failed to make payments on the promissory note, stopped submitting reports of sales, provided checks that were later dishonored and resulted in additional fees, failed to provide

---

(mem. op.) (stating that limited liability companies must appear through licensed attorneys); *see also* TEX. R. CIV. P. 7 (allowing a person to represent himself pro se). As such, we cannot construe the Opps's pro se notice of appeal to encompass Spartan Construction, LLC. Without a proper notice of appeal, there is nothing preserved for appellate review on Spartan Construction, LLC's behalf. *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); *see also Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004) ("Northglen did not file a notice of appeal from the trial court's judgment, did not notice a cross-appeal, and did not petition this court for review on the point. Accordingly, Northglen did not preserve this issue for our review."). Because Spartan Construction, LLC did not file a proper notice of appeal in this proceeding, we modify the style of this case to delete Spartan Construction, LLC.

certificates of insurance that were required under the agreement, and failed to submit tax returns that were also required under the agreement. As a result of these alleged breaches, appellee argued that it sustained $189,686.08 in damages.

On March 9, 2018, appellee filed suit, alleging breach-of-contract and breach-of-the-personal-guaranty claims against appellants and requesting damages, as well as attorney's fees. Though not a part of the Clerk's Record, appellants filed two motions to transfer venue from Texas state court to a federal court in Alaska, where they reside. There is no indication in the record that these motions were presented to the trial court, that hearing dates were ever requested, or that hearings were ever conducted on the motions.

Thereafter, appellee filed a motion to compel because appellants failed to respond to discovery requests. After a hearing that appellants did not attend, the trial court granted appellee's motion to compel and set the case for a bench trial on October 18, 2018. In response to this ruling, appellants allegedly filed an unverified motion for continuance complaining that they did not receive notice of the hearing on appellee's motion to compel and seeking to postpone the scheduled October 18, 2018 trial setting. Once again, appellants' motion for continuance is not included in the record, and there is no indication that a hearing date was requested or that a hearing was ever conducted on this motion.

In any event, on October 18, 2018, the trial court conducted a final hearing in this matter. Appellants did not attend the hearing. At the conclusion of the hearing, the trial court ruled in favor of appellee and awarded appellee $189,686.08 in damages against appellants and Spartan Construction, LLC, jointly and severally. The trial court also awarded $40,200 in attorney's fees for work done at the trial-court level and additional attorney's fees for appeals to this Court and the Texas Supreme Court, in the event that any appeals are filed. Three months later, on January 18, 2019, appellants filed their notice of restricted appeal in this matter.

## II.   RESTRICTED APPEAL

A restricted appeal is a direct attack on the judgment. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.). To prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 30. Only the fourth element is at issue in this case.

"[A] restricted appeal requires error that is *apparent*, not error that may be *inferred*." *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (emphasis in original). When determining

whether error is apparent from the face of the record, we consider all the papers on file in the appeal, including the reporter's record. *Norman Comm'cns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

### III.  ANALYSIS

In their first and third issues, appellants complain about the trial court purportedly "excluding a move of venue request and transfer of court file" from Texas state court to federal district court in Alaska.  The first such motion was filed on May 9, 2018, and the second was filed on October 9, 2018.

A review of the Clerk's Record reveals that neither of appellants' purported motions to transfer venue are included in the record.  Although Texas Rule of Appellate Procedure 35.3(a) places the burden to timely prepare, file, and certify the Clerk's Record on the trial court clerk, appellants bear the burden to bring forward an appellate record that enables us to determine whether appellants' complaints constitute reversible error. *See* TEX. R. APP. P. 35.3(a); *see also Uranga v. Tex. Workforce Comm'n*, 319 S.W.3d 787, 791 (Tex. App.—El Paso 2010, no pet.); *W & F Transp., Inc. v. Wilhelm*, 208 S.W.3d 32, 37 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (noting that historically, the burden falls on appellant to see that a sufficient record is presented showing reversible error).  The motions complained about in these issues are not those that are required to be included in the appellate record under Texas Rule of Appellate Procedure 34.5(a), and despite it being their burden to do so, there is no indication that appellants designated that these

motions be included in the appellate record. *See* TEX. R. APP. P. 34.5(a)(13), (b); *see also Uranga*, 319 S.W.3d at 791; *Wilhelm*, 208 S.W.3d at 37; *Greenstreet v. Heiskell*, 940 S.W.2d 831, 834-35 (Tex. App.—Amarillo 1997, no writ) (stating that pro se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure). Without these documents, we have no way of determining whether there is error apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. Accordingly, we overrule appellants' first and third issues.

In their second issue, appellants complain about a motion for continuance that they allegedly filed after the trial court's hearing on appellee's motion to compel. Appellees respond that the motion was unverified and that appellant failed to properly set the motion for a hearing. However, once again, appellants' motion for continuance is not included in the appellate record. And like before, without this document, we have no way of determining whether there is error apparent on the face of the record. *See id.*; *see also* TEX. R. APP. P. 34.5(a)(13), (b); *Uranga*, 319 S.W.3d at 791; *Wilhelm*, 208 S.W.3d at 37. We overrule appellants' second issue.

In their fourth and fifth issues, appellants again reference their purported motions to transfer venue and for a continuance. However, in these issues, appellants make no argument and cite to no authority demonstrating any error on the part of the trial court. Accordingly, we conclude that these issues are inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We overrule appellants' fourth and fifth issues.

In their sixth issue, appellants contend that the trial court erred by not setting a hearing on their motion to transfer venue. Citing Texas Rule of Civil Procedure 502.4(d)(1)(a), appellants argue that the trial court was obligated to set their transfer motions for a hearing. *See* TEX. R. CIV. P. 502.4(d)(1)(a). However, this rule is only applicable to Texas justice courts, and this case was filed in Texas district court. *See id.* Additionally, Texas Rule of Civil Procedure 87 specifically provides that it is the movant who has the duty to request a setting on a motion to transfer. *See id.* at R. 87 ("The movant has the duty to request a setting on the motion to transfer."). There is nothing on the face of this record indicating that appellants requested a setting on their motion to transfer pursuant to Texas Rule of Civil Procedure 87. *See id.* We therefore conclude that this issue lacks merit. We overrule appellants' sixth issue.

## IV. CONCLUSION

Having overruled all of appellants' issues, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed November 6, 2019
[CV06]

